## MATTHEW THOMAS V. THE STATE.

No. 9269. Delivered January 13, 1926.

**1.—Rape—Evidence—Held, Improperly Admitted.**

Where, upon a trial for rape, predicated upon a diseased mind of prosecutrix, rendering her incapable of resisting or opposing the act of intercourse, it was error to permit witnesses to testify that they "believed that the average person could detect her (prosecutrix's) mind was weak by watching her a minute, and not even saying a word to her," and "that a person meeting her could tell that she was insane immediately."

**2.—Same—Continued.**

It was proper for the State to prove by non-expert witnesses, after having them detail their acquaintance with and their knowledge of the acts and conduct of the prosecutrix, to then state that in their opinion she was insane, but not to give their opinion as to how long it would take the average person, or some other person, to detect or discover the insanity of the prosecutrix.

**3.—Same—Requested Charge—Erroneously Refused.**

Where evidence raised the issue, it was error for the trial court to refuse a requested charge that although they should find that the mind of prosecutrix was diseased, but that she had lucid intervals, and if at the time of the act of intercourse the lucid condition of her mind was such that she had sufficient mental capacity and will power to resist such intercourse, had she so desired, to acquit the defendant.

**4.—Same—Evidence—Not Relevant—Improperly Admitted.**

Where, on a trial for rape, it was error to permit the State to prove the condition of the prosecutrix's aged mother after the commission of the alleged offense. Such testimony did not shed any light upon either the guilt or innocence of appellant, and should not have been admitted.

Appeal from the District Court of Lee County. Tried below before the Hon. J. B. Price, Judge.

Appeal from a conviction for rape, penalty 99 years in the penitentiary.

This is the second appeal of this case, the former appeal will be found reported in 266 S. W. 147.

*E. T. Simmang, Jr.* and *T. W. Thompson,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the District Court of Lee County of the offense of rape upon one Minnie Carlow, and his punishment assessed at 99 years in the penitentiary.

This is the second appeal of this case to this court. The first appeal will be found in 266 S. W. 147.

It was the contention of the State that the prosecutrix's mind was so diseased at the time of the alleged offense as to have no will power to oppose the act of sexual intercourse, and the appellant was apprised of that fact at the time of said offense. While the appellant did not testify in his own behalf, it was his contention that the prosecutrix's mind was not so diseased as to be without will power sufficient to oppose or resist the act of intercourse, and if it were, that same was unknown to him at said time. This is a sufficient statement of the issues in the case, together with the facts stated in the former opinion, as a basis for the discussion of this case.

Upon the threshold of this case we are met with several bills of exceptions complaining of the action of the trial court in permitting the State's witnesses, over his objection to testify that they believed that "the average person could detect her (prosecutrix's) mind was weak by watching her a minute, and not even saying a word to her"; and to the said witnesses testifying that a person upon meeting her could tell she was insane immediately; and to others testifying that a person upon meeting her could detect that she was weak minded, "I think in just a few words." To all of said testimony and similar testimony appellant promptly urged appropriate objections which were overruled by the court and exceptions taken thereto. We are of the opinion that this testimony was inadmissible, and the learned judge erred in admitting same. It was obviously proper for the State to prove by non-expert witnesses, after having them detail the acquaintanceship with, and their knowledge of, the acts and conduct of the prosecutrix, to then state that in their opinion that she was insane, and to even go further and state how long it would take them to make such discovery; but to permit them to go further and testify how long it would take the average person or some other person to detect or discover the insanity of the prosecutrix and give their opinion to that effect, we think is going entirely too far, and was transgressing the province of the jury to draw their own conclusions as to this issue, and was permitting the witnesses to give their own opinion on the very vital issue in the case,

and in effect telling the jury in their opinion that the appellant knew at the very time of the act of intercourse the condition of the prosecutrix's mind. This court in the former opinion, in effect, held that this class of testimony was inadmissible, and it was improper for the State to prove by its witnesses that a person of ordinary intelligence would immediately know of the "unsoundness of the prosecutrix's mind, or know it by the time she spoke two words."

The appellant also complains of the action of the court in refusing to give his special charge No. 4 to the effect that although the prosecutrix's mind was diseased, but that if she had lucid intervals, and if at the time of the intercourse the lucid condition of her mind was such that she had sufficient mental capacity and will power to resist such intercourse had she so desired, but that she did not oppose same, because of her desire to engage in such, to acquit the defendant. We think the testimony in this case raised this issue and required the court to charge on this particular phase of the case, and that it was error not to do so.

The appellant complains of the action of the court in permitting the State over his objection to prove the condition of the prosecutrix's aged mother, after the alleged offense, but said bill of exception is not prepared in keeping with the rules of this court. However, we desire to state that upon another trial, if this testimony is offered and objected to, that same should be excluded.

There are also objections urged to the arguments of the district and county attorney's to the jury, wherein mention is made of the former trial of this case, and other matters therein stated in said bills, but in view of the disposition we have made of the case, and that said matters are not likely to arise upon another trial, we deem it unnecessary to pass on same at this time.

For the reasons above mentioned we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.