### JIM FRANKLIN V. THE STATE.

No. 10731. Delivered March 2, 1927.

**1.—Assault to Rape—Charge of Court—Defensive Theory—Error to Omit.**

Where, on a trial for an assault to rape, predicated upon the mental incapacity of prosecutrix to oppose the act of carnal knowledge, it was error for the trial court to refuse to submit this issue affirmatively and in the alternative, when requested by appellant. See Thomas v. State, 279 S. W. 278.

**2.—Same—Continued.**

"It is a fundamental proposition that wherever a defensive theory is presented by the record, the defendant is entitled to a distinct and affimative presentation of that issue, in order to prevent the jury from ignoring his defense, and conduct them to a proper verdict, if they find his evidence to be true, or there was a reasonable doubt of it." Pye v. State, 171 S. W. 741; also White v. State, 18 Tex. Crim. App. 57.

Appeal from the District Court of Eastland County. Tried below before the Hon. Geo. L. Davenport, Judge.

Appeal from a conviction of an assault to rape, penalty two years in the penitentiary.

The opinion states the case.

*J. R. Stubblefield,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of the offense of assault with intent to rape, and his punishment assessed at two years in the penitentiary.

The indictment contains three counts, two charging rape, and one charging assault with intent to rape upon Frances Putty, a

woman other than the wife of appellant and who, at the time, was so mentally diseased as to have no will to oppose the act of carnal knowledge.

The evidence for the state shows that Frances Putty was a young woman, more or less incapable of caring for herself, unable to dress herself, and requiring the constant care and nurture and attention of her sister who lived with her in her father's house, her mother being dead.

The appellant proved by one of her sisters on cross-examination that she went to town and to church, always behaving herself; was never guilty of indecently exposing her person; that she could dress herself, but could not dress right. The evidence further discloses that she could do some housework, such as dry the dishes, make up the beds, and other light chores about the place. The evidence further discloses that if any offense was committed it was due to the fact that Frances Putty was so mentally diseased as to have no will to oppose the act of carnal knowledge, as there is no evidence remotely suggesting any force or violence or any intention to employ force of violence.

The appellant requested the following special charge, which was refused by the learned trial judge:

"The defendant cannot be convicted of the offense of assault with intent to rape unless you should find that Frances Putty was so mentally diseased at the time of the alleged offense as to have no will to oppose an act of carnal knowledge, and that Jim Franklin knew she was so mentally diseased, and unless you so find you will acquit the defendant of the charge of rape and the charge of assault with intent to rape."

The appellant excepted to the court's main charge because it failed to properly submit the defense relied upon by him and raised by the evidence and by bill of exception No. 1, which again complains of the action of the learned trial judge in not giving the above requested special charge. We believe that this charge was demanded by the evidence and that it submitted to the jury for their consideration practically appellant's only defensive theory. The appellant is entitled to an affirmative charge on his defensive theory and, the court having omitted in his main charge to give any charge presenting his defensive theory, the refusal to give this charge was prejudicial error sufficient to be reversible. Thomas v. State, 279 S. W. 278.

In the case of Pye v. State, 171 S. W. 741, this court held as follows:

"It is a fundamental proposition that wherever a defensive theory is presented by the record, the defendant is entitled to a

distinct and affirmative presentation of that issue, in order to prevent the jury from ignoring his defense and conduct them to a proper verdict if they find his evidence to be true or there was a reasonable doubt of it." See also White v. State, 18 Tex. App. 57.

We are of the opinion that the evidence in the instant case, while weak and inconclusive and rendering it improbable that a jury would find that Frances Putty was not so diseased as to have any will to oppose the act of carnal knowledge, is, we think, sufficient to authorize the jury to so find had they so desired.

There are a number of other questions raised in the record, but we do not deem it necessary, in view of the disposition of this case, to discuss them.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.