SEDERICO ZEPEDA V. THE STATE.

No. 21044. Delivered May 8, 1940.

The opinion states the case.

*Robert D. Peterson,* of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is arson. The punishment assessed is confinement in the State penitentiary for a term of two years.

Appellant's first complaint is that the trial court erred in declining to instruct the jury to acquit him. He bases his con-

tention upon two grounds: First, because there is a variance between the allegations and the proof. In the indictment, it is charged that appellant burned the house of Tony Verecruz, and the proof shows it to have been the house of Antonio Veracruz. However, there was ample proof to show that while the owner's given name was Antonio, he was known and frequently called Tony. We are of the opinion that the letter "e" after the letter "r" in his surname instead of the letter "a" is unimportant, inasmuch as the names are idem sonans. See Rape v. State, 34 Texas Cr. R. 615; Branch's Ann. Texas P. C., Secs. 22 and 23.

Second, because the State has failed to prove the corpus delicti. After a careful examination of the record, we are inclined to agree with him. To establish the corpus delicti in arson cases, it is necessary to show (a) that the house was designedly set on fire, and (b) that the accused did it or was criminally connected therewith. Now, let us see just how the State sought to comply with the requirements of the law in this respect. First, by offering in evidence an extra-judicial confession which appellant repudiated in all of the material parts. Second, that he was seen at or near the house some five or six hours prior to the time the fire was discovered, and third, by the evidence of some Mexican woman at whose house he appeared in the early part of the night. The State undertook to prove by this Mexican woman that on the night in question the appellant came to her home and borrowed a bottle of coal oil. She failed however, to so testify. She was then asked if she did not so state to the grand jury. This she denied. Thereupon the State claimed a surprise, and the District Attorney took the witness-stand and testified, without objection on the part of the appellant, that she gave such testimony before the grand jury. The impeachment of the witness did not get the State out of the serious situation into which it was led by its own witness. All the State has in this case is a house destroyed by fire, appellant's extra-judicial confession, and the additional facts hereinabove detailed. Where is the evidence that the house was set on fire designedly with the purpose of destroying it? None except the alleged extra-judicial confession. The fact that appellant may have been standing near the house in the early part of the night with no further fact that he did something which showed an evil purpose or design to burn it is not sufficient. The testimony of the District Attorney as to what the State's witness told the grand jury relative to the accused asking for coal oil does not show any connection between the coal oil and the burning of

the building. No witness testified how, or in what part of the building, the fire started, nor did any one testify to having smelled any coal oil or found any container which bore any evidence of having contained coal oil. All the circumstances, independent of the confession, are as consistent with the absence of any offense as with the perpetration thereof. The fact that a building was destroyed by fire does not of itself show that the crime of arson was committed by some one. There is no evidence, independent of the confession, that the fire was of incendiary origin. See Hernandez v. State, 8 S. W. (2d) 947; Duncan v. State, 109 Texas Cr. R. 668, and authorities there cited.

From what we have said it follows that the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.