**Kenneth Walter ADRIAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 57088.

Court of Criminal Appeals of Texas, Panel No. 1.

Oct. 17, 1979.

Richard W. Crews, Jr., Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty. and Eric G. Brown, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction of arson pursuant to V.T.C.A. Penal Code, Sec. 28.02. Punishment was assessed at three years.

Appellant's sole ground of error on appeal is that the evidence is insufficient to support the judgment of conviction in that the State failed to establish the corpus delicti of arson, independent of appellant's confession. We agree.

The State introduced eight witnesses in its case-in-chief. Iva Carpenter testified that on the afternoon of May 12, 1975, Richard Gaston told her, in the appellant's presence, that he would be gone that night fishing and asked if she would keep an eye on his wife and child. Carpenter testified that at approximately 1:30 a. m. that night, she was awakened by the sound of the appellant's door slamming. At 2:00 a. m., she got out of bed and discovered a ball of fire over the Gaston's trailer. Carpenter said she had been restless and uneasy because of two other fires in the trailer park within the last two months.

Carpenter and her husband were fighting the fire when she saw the appellant enter the burning trailer. She did not see him leave, but shortly thereafter saw him in the crowd, smoking a cigarette. About an hour after the fire was out, ambulance attendants arrived, saying they had received a call from a man who had been overcome by smoke. They went to the appellant's trailer where they found him standing at his desk beating on his chest, hollering, "Nobody cares anything about me, they're just going to let me die."

Carpenter's son-in-law, William Bender, next testified that he was the owner of the damaged trailer and that he had not given anyone permission to burn it.

Janis Gaston testified that she and her son were in the trailer asleep when she awoke and smelled smoke. Shortly thereafter, she heard Iva Carpenter screaming for her. She further testified that the fire appeared to have been started in the garage below the trailer.

Richard Gaston testified that the trailer was on fire when he arrived home. The appellant was standing by the garage door and helped Gaston pull a jeep out of the garage.

A neighbor testified that she had seen the appellant in the crowd, "leering."

Sometime after the fire, a pair of blue jean cut-offs, believed to belong to the appellant, were found on a clothes line.

The last three witnesses for the State testified concerning the confession of the appellant.

The appellant's confession was admitted into evidence. It stated in pertinent part: "I went outside and walked around, I don't know what time it was, I just walked around, I opened the doors to the garage that had a trailerhouse above it and went into the garage, there was a Jeep inside and I walked to the right side of the Jeep and there was plastic covering at the side of the Jeep, this will be to the right side, hanging from a rafter. Then I lit the plastic on fire with a match and I put the match in my pocket of my cut off jeans. This was all I had on, then I walked out and went back to bed and went to sleep. After a while Jeanette woke me up and told me about a fire that was next to my trailer. I went out and helped some people move a Jeep and motorcycle out of the garage that I had set on fire, then I went up to the trailerhouse that was on fire and grabbed a blanket and wet it under the faucet that was in the kitchen and put the fire out that was burning in the bedroom, then I went outside and went back to my trailer. I had trouble breathing so I went to the Coast Guard pay phone and called the operator and told her I needed an ambulance where there had been a fire next to the Coast Guard station. I went back to my trailerhouse and waited for the ambulance."

This was the total sum of the State's case against the appellant. The State did not call any witnesses to testify as to the possible causes of the fire. Apart from the appellant's confession, there is no evidence that the fire was intentionally set.

■ It is well established that the extrajudicial confession alone is insufficient to sustain a conviction. *Brown v. State*, 576 S.W.2d 36 (Tex.Cr.App.1978); *R.C.S. A Juvenile, v. State*, 546 S.W.2d 939 (Tex.Civ. App.1977); *Smith v. State*, 363 S.W.2d 277 (Tex.Cr.App.1963). The confession must be corroborated by evidence that a crime has been committed, i. e., the corpus delicti must be proven.

To establish the corpus delicti of arson, the State must show that the house was designedly set on fire by someone. *Bussey v. State*, 474 S.W.2d 708 (Tex.Cr. App.1972); *Zepeda v. State*, 139 Tex.Cr.R. 258, 139 S.W.2d 820 (1940). In *Miller v. State*, 566 S.W.2d 614, 618 (Tex.Cr.App. 1978), the Court stated:

"It is clear that the offense of arson still requires that the fire involved be of an incendiary origin. This is implicit in the requirement that the burning be intentional."

In the case at hand, there is no question that a fire occurred. However, there is no evidence apart from the appellant's confession that the fire was deliberately set. There is no testimony as to the cause of the fire, nor did the State attempt to negate the possibility that the fire resulted from defective electrical wiring, a defective water heater, spontaneous combustion or any other manner. See *Bussey,* supra.

In *Duncan v. State*, 109 Tex.Cr.R. 668, 7 S.W.2d 79 (1928), this Court reversed an arson conviction where, apart from the defendant's confession, the only evidence introduced by the State to prove that a crime was committed was the testimony of the city fire marshal, stating that he had examined the premises and could not determine the cause or the origin of the fire. The Court then stated:

"Proof that a fire occurred of itself obviously does not prove that the crime of arson has been committed by some one. The record is without any evidence suggesting any connection of appellant with this fire or that such a fire was incendiary except what is contained in the alleged confession of appellant."

The State has failed to prove the corpus delicti of arson in that there is no evidence to corroborate the appellant's confession establishing that the fire was caused by a criminal act.

Accordingly, the judgment of conviction is reversed and remanded to the trial court with instructions to enter a judgment of acquittal.