**Harvey Deal GORDON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 82 164 CR.**

Court of Appeals of Texas, Beaumont.

Sept. 7, 1983.

Rehearing Denied Oct. 13, 1983.

Discretionary Review Refused Feb. 15, 1984.

Rodney D. Conerly, Port Neches, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

In the instant case there was evidence of a non-custodial statement given by Harvey Deal Gordon, appellant, to the complaining witness. There was also evidence showing the corpus delicti. As a consequence, the conviction is sustained.

Appellant was convicted by a jury of burglary of a vehicle and the jury assessed punishment at ten years.

Carl Johnson, the complainant, gave testimony as to the oral statement given by the appellant. The statement was purported to have been made at a Gulf Service Station after the alleged vehicle burglary. We think the public setting of the statement and the question by the complaining witness that prompted it shows it was free and voluntary. The conversation was as follows:

"Q. Did Harvey ever comment to you about who did or did not take the cigarettes off your truck subsequent to that burglary?

"A. Yes, he [did].

"Q. Would you tell the jury what it was that Harvey Gordon told you?

"A. He told me that at one period of time he knew who took the cigarettes off my truck.

"Q. Who was that supposed to be?

"A. It was supposed to have been the little guy that was riding with him that day.

"Q. Did he ever tell you anything else?

"A. At one time, yes, he told me he took the cigarettes off my truck.

"Q. He admitted to you taking the cigarettes off your truck?

"A. Yes, he did.

* * * * * *

"Q. Now then, for further clarification, you said a couple of months later that you saw Harvey at some convenience store or something like that. Is that right?

"A. Well, I saw Harvey at a gas station.

"Q. Okay.... What was said regarding the burglary, please.

"A. Well, the conversation was that I asked Harvey was he going to ever just come out and either go to my company and tell my company he took the cigarettes or was he just ever going to come out and tell me for sure he or the guy with him took the cigarettes.

"Q. And what did he say?

"A. He told me yes, okay, I took the cigarettes. Then he turned around and told me, I didn't but the guy that was with me did but he would not tell on the guy or give me his name but if he did it there was nothing they could do to the guy anyway because he was already in jail."

Confessions of an accused in a criminal case are an exception to the hearsay rule. See generally, *1A R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL §§ 1201–1225* (Texas Practice 3d ed. 1980). The oral statement was non-custodial and is, therefore, a "statement admissible under law" according to *TEX.*

*CODE CRIM.PROC.ANN. art. 38.22, § 5* (Vernon Supp. 1982–1983). That appellant implicated at first himself and then another in the statement does not create a fatal flaw. The jury need not attach equal credit to all parts of a confession; it may accept one portion as true and reject the remainder. *RAY, supra, § 1225.* On appeal, no question as to the oral statement's admissibility has been raised.

In ground of error number one, appellant complains that no real evidence was presented that the van was entered illegally by anyone. In ground of error number two he asserts that there is insufficient evidence of the statutory requirement of entry "with intent to commit any felony or theft" as required by *TEX.PENAL CODE ANN. § 30.04* (Vernon 1974).

▪ It is well established that the extra judicial confession alone is insufficient to sustain a conviction; the confession must be corroborated by evidence that a crime has been committed, i.e., the corpus delicti must be proven. *Adrian v. State,* 587 S.W.2d 733 (Tex.Cr.App.1979).

▪ If there is some evidence corroborating the confession, the confession may be used in establishing the corpus delicti. *Self v. State,* 513 S.W.2d 832, 835 (Tex.Cr. App.1974); *see also RAY, supra, § 1224.* Such supplementary evidence need not be conclusive in its character. When a confession is made, and the circumstances therein related correspond in some points with those proven to have existed, then the evidence is sufficient. *Fruechte v. State,* 116 Tex.Cr.R. 496, 316 S.W.2d 418 (1958).

Testimony by Mary Jean Young was that she saw a blue pickup truck with two men inside in front of the delivery van under Johnson's control at the Howard's Supermarket Shopping Center in Port Arthur. She said she saw the passenger of the pickup get out, walk to the entrance of the building, and lean up against the wall in a "relaxing manner." A few minutes later she saw the pickup driver, whom she identified as appellant, get out and walk toward the rear of Johnson's delivery van. Appel-

lant at this point was carrying nothing and she lost sight of him for only a few moments when he disappeared behind the delivery van. When appellant reappeared he was carrying a cardboard box and walking a little faster. She saw appellant put the box in the back of the pickup. The two men then jumped back in the pickup and it sped off.

Mrs. Young knew Johnson, a driver-deliveryman for Price Cigar and Candy Company. Mrs. Young saw Johnson coming out of Howard's Supermarket and she told him about what she had just seen, giving him a description and direction of travel.

Johnson followed Mrs. Young's directions and found a blue pickup in the lot behind Howard's. He saw appellant, whom he recognized from his high school days, behind the pickup. Behind the store were other delivery trucks—bakery trucks, soda water trucks. Once he saw the blue pickup and appellant, Johnson had it in his mind that it was the same pickup described by Mrs. Young. When the pickup tried to leave, Johnson blocked its exit with his van.

The testimony was that once the pickup was blocked by the van, appellant got out and approached Johnson. The first thing said, according to Johnson, was said by appellant—that he, appellant, had not taken the cigarettes out of Johnson's van. The man riding with appellant got a cigarette box off the floor of the pickup and showed it to Johnson. In the box were about 10 or 12 cartons of cigarettes. Johnson concluded that these cigarettes were not Johnson's because the packs were taped and had been opened. Johnson continued his conversation with the men and then left, proceeding on his delivery rounds.

Later, when Johnson was making delivery at Theriot's Liquor Store, he found he was short a box of cigarettes. Johnson had never lost a box of cigarettes before. Johnson explained the loading procedure at his company and, as part of that procedure, he personally checked off every order placed in the van. There was no other explanation as to how the cigarettes be-

came missing. He had made numerous other deliveries that day.

We believe the corpus delicti was established by the confession and supporting evidence. See *Washington v. State*, 603 S.W.2d 859 (Tex.Cr.App.1980). There was, therefore, sufficient proof that the van was entered illegally by someone and sufficient evidence of the statutory requirement of entry "with intent to commit any felony or theft."

Appellant contends that an hypothesis not negated by the State is that the box of cigarettes was misplaced or misdelivered by the deliveryman.

In this case we have viewed the record according to the "different standard of review in circumstantial evidence cases." *Wilson v. State*, 654 S.W.2d 465 (Tex.Cr. App.1983). See also, *Sewell v. State*, 578 S.W.2d 131 (Tex.Crim.App.1979). We refer to such standard of review by reference only for the sake of brevity and because such standard has been firmly delineated.

 In a circumstantial evidence case the State need not present evidence excluding every conceivable hypothesis except that of defendant's guilt, it need only present evidence excluding every reasonable hypothesis. Each fact need not point directly and independently at the guilt of the accused, as the cumulative effect of all the incriminating facts may be sufficient to support the conviction. *Hooker v. State*, 621 S.W.2d 597, 601 (Tex.Cr.App.1981). The record, particularly concerning Johnson's careful loading and unloading procedures, does negate every reasonable hypothesis. Further, the cumulative effect of all incriminating facts, particularly the corroborated confession, is sufficient to support conviction.

Grounds of error numbers one and two are overruled.

We also overrule appellant's ground of error number three in which appellant complains of improper argument by the prosecutor. The prosecutor said: "Why were they over there? Have you thought about that? Were they out making the rounds trying to get and pick and choose what they could and then make a get away?" Appellant objected at trial that the statement was "outside the record at this point." On appeal it is now claimed that the prosecutor, in effect, injected an extraneous offense into argument.

We agree with the State that the prosecutor was not going outside the record and we can see no extraneous offense set forth in the arguments. The complaining witness had testified that there were delivery trucks at the rear of Howard's Supermarket where he spotted appellant's pickup. The prosecutor's argument merely called the jury's attention to this unusual circumstance and then raised the question as to what appellant was doing there. The prosecutor was merely suggesting what he considered might be deduced from the facts and circumstances. A reasonable deduction from the evidence is permissible in argument. *Alejando v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973).

AFFIRMED.