Robert McCARTY, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–84–073–CR.

Court of Appeals of Texas,
Texarkana.

March 12, 1985.

Andrew Farkas, Dallas, for appellant.

Tom Wells, Dist. Atty., Paris, for appellee.

CORNELIUS, Chief Justice.

Robert McCarty was convicted of arson and sentenced to fifteen years confinement.

The sole ground of error on appeal is that his motion for an instructed verdict of acquittal should have been granted because the State failed to prove the corpus delicti. We overrule the ground of error and affirm the conviction.

McCarty signed a confession containing the following admissions:

> On Friday, 7–8–83, at approximately eight p.m. I went to my ex-wife's house at Route 6, Paris. The house is a white brick house off farm road 906 approximately 17 miles from Paris, Texas, in Lamar County. I beat on the window on the west side of the house to unlock the window. I went inside the house and looked around and left out the front door. I went to my wife's father's house to kill them but decided not to and went back to my ex-wife's house. I got a plastic bottle containing kerosene from the living room closet. I poured the kerosene on the living room floor and set it on fire. I set the house on fire to get even with my ex-wife, and I did not want another man in my house.

 An extra-judicial confession alone is insufficient to support a conviction. The confession must be corroborated by evidence that a crime has been committed, i.e., the corpus delicti must be proven. To establish the corpus delicti of arson, the State must show that the house was deliberately ignited by someone. *Adrian v. State*, 587 S.W.2d 733 (Tex.Cr.App.1979). The State is not required, however, to negate all possible causes of the fire other than arson. Neither is the State required to corroborate the confession with direct evidence. Circumstantial evidence may be sufficient. *Miller v. State*, 566 S.W.2d 614 (Tex.Cr. App.1978).

In this case the State presented expert testimony that an accelerant had been poured on the living room floor of the house and that the fire was of an incendiary origin. This evidence corroborated McCarty's statements in his confession that he poured kerosene on the living room floor and burned the house. Once sufficient evidence corroborating the corpus delicti has

been shown, the State may use the confession to prove that the defendant was the person who started the fire. *White v. State*, 591 S.W.2d 851 (Tex.Cr.App.1979); *Self v. State*, 513 S.W.2d 832 (Tex.Cr.App. 1974); *Massey v. State*, 154 Tex.Cr.R. 263, 226 S.W.2d 856 (1950), on which McCarty relies, is not in point because the defendant there did not confess to the crime, and the conviction rested entirely on tenuous circumstances.

The judgment of the trial court is affirmed.