**Ira Joe HENDRICKS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–86–024–CR.**

Court of Appeals of Texas, Fort Worth.

April 2, 1987.

---

S. Camille Milner, Denton, for appellant.

Jerry Cobb, Dist. Atty., and Jim E. Crouch, Asst., Denton, for the State.

Before JOE SPURLOCK, II, FARRIS and KELTNER, JJ.

## OPINION

KELTNER, Justice.

This is Ira Joe Hendricks' appeal from his conviction by a jury of arson pursuant to TEX.PENAL CODE ANN. sec. 28.-02(a)(4) (Vernon Supp.1987). The jury assessed punishment at four years imprisonment in the Texas Department of Corrections.

We affirm.

The facts in this case are somewhat unusual. On November 30, 1980, a home owned by Cheryl Bluhm caught on fire and burned while she was away visiting a friend. Hendricks and Bluhm were married at the time of the fire, but were estranged due to a divorce which had been filed in October, 1980. Since the filing of the divorce, Hendricks moved away from Bluhm's home. However, he continued to operate an automotive shop in back of the house.

After the fire, an investigation was conducted by the State Fire Marshall's office. The investigator determined that the fire was set intentionally in a room, "behind the girls bathroom close to a washing machine." According to the investigator, the fire was started in a pile of clothing. The investigator testified that it was his opinion that the fire was started with a flammable liquid, however, no flammable liquid was

found in samples of the clothing tested in a laboratory. According to the investigator, the lack of liquid traces only meant that a very small amount of flammable liquid was used. The investigator's opinion regarding the origin of the fire was supported by two firemen who testified that when they arrived, the back side of the house by the utility room and kitchen was on fire.

During the investigation, Hendricks was questioned regarding his involvement with the fire. However, no action was taken against Hendricks at that time and the State Fire Marshall's office labeled the file as "open-inactive." An "open-inactive" file means that the fire marshall has completed his investigation and leaves further action to local authority.

In July of 1985, the Denton County Sheriff's Department received a call from Hendricks indicating that he wished to confess to intentionally starting the fire in Bluhm's house. Sheriff deputies were dispatched to a local hotel and Hendricks voluntarily accompanied the officers to the Sheriff's Department. After being advised of his rights, Hendricks dictated and signed a statement in which he admitted starting the fire in a "storage room behind the girls bathroom" in the house owned by Cheryl Bluhm. He identified the location of the Denton County house by street name.

Hendricks brings two points of error.

■ In his first point of error, Hendricks claims the trial court erred in denying his motion to quash the indictment. We disagree. Hendricks first raised the indictment issue on January 7 by filing a motion to quash. This was filed six days before trial and forty-seven days after a pre-trial hearing on November 21. The trial court denied the motion to quash the indictment on January 9, noting that the motion to quash was not timely filed. The Code of Criminal Procedure provides that, if a pre-trial hearing is conducted, any matters regarding the form or substance of the indictment must be "raised or filed" seven days before the hearing. Otherwise, they will not be heard, absent a showing of good cause. Hendricks did not attempt to show good cause for late filing of his motion to quash. TEX.CODE CRIM.PROC.ANN. art. 28.01, secs. 1(4), 2 (Vernon Pamph. Supp.1987). Nonetheless, Hendricks claims that a motion to quash the indictment must be considered by the court if filed before trial. *See Amaya v. State*, 551 S.W.2d 385, 387 (Tex.Crim.App.1977); *American Plant Food Corp. v. State*, 508 S.W.2d 598, 604 (Tex.Crim.App.1974). However, neither of those cases fell within the purview of article 28.01 of the Texas Code of Criminal Procedure because it does not appear that pre-trial hearings were held in those cases. Hendricks' first point of error is overruled.

In Hendricks' second point of error, he contends that the trial court erred in overruling his motion for instructed verdict made after the close of all the evidence, because the evidence presented by the State was insufficient to sustain a conviction. The standard of review by the trial court regarding appellant's motion for instructed verdict is the same standard by which this court reviews sufficiency of the evidence. *See Kuykendall v. State*, 609 S.W.2d 791, 794 (Tex.Crim.App.1980) (citing *Chase v. State*, 573 S.W.2d 247, 249 n. 1 (Tex.Crim.App.1978)); *Williams v. State*, 680 S.W.2d 570, 575 (Tex.App.—Corpus Christi 1984), *pet. ref'd per curiam*, 692 S.W.2d 100 (Tex.Crim.App.1985).

In reviewing the sufficiency of the evidence to support a conviction based upon direct evidence, the evidence is viewed in the light most favorable to the verdict. *See Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on reh'g).

The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). If

there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See id.*

■ We find there was adequate evidence to sustain the conviction. Hendricks' confession was introduced into evidence. In the confession, Hendricks admits that he broke into the house and went into the storage room behind the girls' bathroom. He further states that he used a lighter to start the fire among clothing and boxes. He describes the closet as a room with dimensions of approximately 8' to 10'. The fire investigator testified that the fire was started in a utility room behind the girls' bathroom and stated that in his opinion, the fire was started with a flammable liquid in a pile of clothing. The investigator's testimony was confirmed by two volunteer firemen who testified that the back side of the house by the utility room was on fire when they arrived at the scene.

■ Hendricks contends that his confession was not adequately corroborated by the State. To corroborate a statement, the State must prove the corpus delicti of the offense. To prove the corpus delicti of arson, the State must prove that the house was deliberately set on fire. *See Adrian v. State,* 587 S.W.2d 733, 735 (Tex.Crim.App. 1979); *Bussey v. State,* 474 S.W.2d 708, 710 (Tex.Crim.App.1972). This may be proven by circumstantial evidence. *McCarty v. State,* 688 S.W.2d 675, 676 (Tex.App.—Texarkana 1985, no pet.). The evidence mentioned above corroborates Hendricks' confession and establishes the corpus delicti of arson. However, Hendricks contends there were contradictions between his confession and the arson investigator's findings. Hendricks alleges that the fire investigator's statement stated that the offense occurred in a "utility room." He claims this statement conflicts with his confession, which states he started the fire in a storage room. However, the fire investigator and Hendricks both agree that the room where the fire was started was behind the "girls' bathroom." The fire investigator prepared a diagram of the house, which

was admitted into evidence. The only room behind the "girls' bathroom" is what the fire investigator indicated was the "utility room." It is obvious that Hendricks and the fire investigator were speaking of the same room.

Hendricks also contends that his confession and the fire investigator's testimony differ in another respect. The fire investigator testified that the fire started with the flammable liquid. Hendricks' confession only states that he started the fire in clothing. The lab reports found no traces of flammable liquid on clothing. However, the fire investigator did testify that this would indicate that a small amount of flammable liquid was used. This does not create such a deviation as to fail to corroborate Hendricks' confession.

■ Hendricks also claims there is a variance between the indictment and proof that renders the evidence insufficient to support the conviction. The indictment alleges the fire was started in a "utility room." However, Hendricks' confession states he started the fire in a "storage room." Once again, we note that the nomenclature of the room is not such a deviation that requires reversal. It is obvious from the record that the rooms were one in the same. In any event, the fire investigator testified that the fire started in the "utility room." Furthermore, a variance between an indictment and the proof is not fatal unless the variance is on an element of the offense charged. *Franklin v. State,* 659 S.W.2d 831, 833 (Tex.Crim.App.1983). The room in the house in which the fire started is not an element of arson and instead is mere surplusage.

■ Finally, Hendricks further contends that he introduced evidence of other possible origins of the fire, including the existence of a faulty refrigerator motor which had burned earlier in the year. However, the State is not required to negate all possible causes of the fire other than arson. *See McCarty,* 688 S.W.2d at 676.

As a result, we find the evidence clearly sufficient to support the conviction. Having overruled both of Hendricks' points of

error, we affirm the judgment of the trial court.