**Alberto MORIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–89–443–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 19, 1990.

Chester Gonzalez, Brownsville, for appellant.

Luis V. Saenz, County Crim. Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and SEERDEN and KEYS, JJ.

## OPINION

SEERDEN, Justice.

The trial court found appellant guilty of possessing marihuana and assessed punishment at seven years in the Texas Department of Corrections. We reverse the judgment of the trial court.

In his sole point of error, appellant alleges that the trial court erred by overruling his motion to suppress the marihuana seized pursuant to a warrant. Appellant contends that the affidavit supporting the warrant is insufficient.

The record shows that police officer Leonel Silva prepared an affidavit, stating the probable cause for issuance as follows:

Affiant, who has been employed for the last 10 years with the Harlingen Police Department and the latter 6 years as an investigator, was advised by a confidential informant that within the last 48 hours an Alberto Morin who resides at

413 Ona in Harlingen, Texas is in possession of the above mentioned items namely 1–RCA VCR, 1–Montgomery Ward component system, 1–Emerson VCR model# 754, 1–Monitor AM/FM stereo turn-table with dual cassette which were taken from a burglary to homes in Harlingen, Texas reported to Harlingen Police department cases numbers 33515, 33780 and 34267. Confidential informant also mentioned that Alberto Morin is in possession of other stolen items and a quantity of marijuana. Affiant has good reason to believe said informant because of information received from Alberto Morin's past history arrest. Affiant wishes to keep the identity of confidential informant secret for security reasons[.]

A magistrate, relying on Silva's affidavit, issued a warrant authorizing a search of appellant's residence for the marihuana and the alleged stolen property. Police executed the warrant and discovered marihuana and stolen items. Appellant, who was on the premises during the search, was arrested.

Appellant specifically contends that the affidavit failed to show probable cause because it failed to show the informant's credibility and basis of knowledge. In reviewing the sufficiency of an affidavit, an appellate court uses the "totality of the circumstances" analysis. *Hennessy v. State*, 660 S.W.2d 87, 90 (Tex.Crim.App. 1983); *see Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The task of a reviewing court is not to conduct a de novo determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant. *Eisenhauer v. State*, 678 S.W.2d 947, 952 (Tex.Crim.App.1984). Under the "totality of the circumstances" analysis, a confidential informant's veracity and his basis of knowledge are highly relevant factors in determining whether probable caused existed for the issuance of a warrant. *Eisenhauer v. State*, 754 S.W.2d 159, 164 (Tex.Crim.App.1988).

The affidavit in the present case informed the magistrate that the affiant was

advised by a confidential informant within the past 48 hours that appellant, who was residing at a specific address, had in his possession certain electronic equipment which had been taken in burglaries. The informant also mentioned that appellant was in possession of a quantity of marihuana. Affiant stated that he had good reason to believe the informant because of appellant's past arrest history.

Thus, the affidavit informed the magistrate that the officer had received his information from an informant, but it did not attempt to inform the magistrate how the informant gained his information. The officer's belief that the information was credible was apparently based on some unspecified information that the officer had about appellant's past criminal history.

■ At the motion to suppress hearing, the officer testified that he corroborated the information given to him by personal observation. He verified appellant's presence at the residence. A blue Trans–Am was parked in front as the informant said. The officer verified that the items allegedly in appellant's possession were listed as stolen. He further checked appellant's criminal history and discovered that appellant had been in possession of marihuana. These facts, of course, were not stated in the affidavit filed in support of the warrant and cannot be considered in determining probable cause since, in Texas, the adequacy of the affidavit must be judged by the facts stated in the affidavit. *Stoddard v. State,* 475 S.W.2d 744, 750 n. 2 (Tex.Crim. App.1983).

■ Aside from the specific description of the stolen items and apparent verification that these items were reported stolen in three Harlingen cases, there was no basis for the magistrate to credit the informant. The only additional information which might have bolstered the informant's information was appellant's past criminal

history, and affiant stated that only in conclusory terms. Under the "totality of the circumstances" analysis, we find the affidavit insufficient. *See Cassias v. State,* 719 S.W.2d 585 (Tex.Crim.App.1986). The trial court erred in not suppressing the seized marihuana.

■ We now turn to whether the admission of the evidence caused reversible error. Tex.R.App.P. 81(b)(2). The State contends that appellant's point should be overruled because appellant's confession, in which he admitted to all the elements of the offense, was introduced into evidence without objection.[1] In making this contention, the State relies primarily on *Moraguez v. State,* 701 S.W.2d 902 (Tex.Crim. App.1986).

■ In *Moraguez,* as in the present case, the defendant was tried before the court on his plea of not guilty after the trial court overruled a pretrial motion to suppress. Moraguez then stipulated that the State's witnesses would testify that he possessed cocaine. The stipulated testimony of the witnesses embraced every essential element of the offense charged. Since the stipulated evidence was not shown to be based on, derived from, or in any way tainted by the allegedly impermissible arrest, search, and seizure, the Court concluded that the stipulated evidence was independently obtained by the witnesses and that no reversible error occurred from the improper admission of seized evidence. *Moraguez,* 701 S.W.2d at 905. We find that *Moraguez* is distinguishable from the present case and that the distinction is critically significant.

In *Moraguez* the unchallenged evidence (the independent, stipulated testimony of others) proved the same facts as the challenged improper evidence; therefore the admission of the improper evidence was harmless because it was cumulative of properly admitted evidence. In the present

1. In this case, although the State does not invoke it by name, the State relies on the so-called doctrine of curative admissibility. *See Brown v. State,* 757 S.W.2d 739, 741 (Tex.Crim.App.1988); *Bush v. State,* 697 S.W.2d 397, 403–404 (Tex. Crim.App.1985); *Sweeten v. State,* 693 S.W.2d 454, 456–459 (Tex.Crim.App.1985). Generally, that doctrine provides that the improper admission of evidence over objection is rendered harmless by the admission into evidence of the same facts without objection at another point during the trial.

case, however, appellant did not stipulate to what other witnesses would have testified, and the unchallenged evidence consisted only of appellant's confession, which alone is insufficient to sustain a conviction. *See Adrian v. State*, 587 S.W.2d 733, 734 (Tex.Crim.App.1979).

Because a conviction could be obtained in *Moraguez* on the basis of the "unchallenged evidence," the trial court's error in admitting the challenged evidence was harmless. In the present case, the "unchallenged evidence" consisted solely of appellant's extra-judicial confession. A conviction, however, cannot rest solely on a defendant's extra-judicial confession. *Adrian*, 587 S.W.2d at 734. This rule significantly affects the harm analysis.

Under Tex.R.App.P. 81(b)(2), if error is shown, the appellate court shall reverse unless it finds beyond a reasonable doubt that the error made no contribution to the conviction. Since a conviction could not have been had without the improperly admitted evidence, we cannot hold that the improper admission of the evidence did not contribute to the conviction. Indeed, it was necessary for the conviction. This present case is not like *Moraguez* where the improperly admitted evidence merely cumulated evidence that was properly introduced. Here, the improperly admitted evidence was critical to the State's obtaining a conviction. The error was not harmless. Appellant's sole point of error is sustained.

The judgment of the trial court is reversed and the cause is remanded to the trial court for new trial.