Martin MONTALVO, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–93–273–CR, 13–93–312–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 11, 1994.

Alfredo Padilla, Brownsville, for appellant.

Luis V. Saenz, John A. Olson, Dist. Atty's. Office, Brownsville, for appellee.

Before KENNEDY, GILBERTO HINOJOSA and YAÑEZ, JJ.

## OPINION

YAÑEZ, Justice.

Appellant was convicted by a jury of aggravated sexual assault (cause number 93–CR–12–E), indecency with a child and attempted indecency with a child (cause number 92–CR–1080–E). The court assessed punishment at 70 years' imprisonment on each offense, to run concurrently. By a single point of error appellant complains of the introduction of extraneous offense evidence. We affirm.

Appellant complains that the trial court erred in allowing testimony of a prior attempted sexual assault on the victim's sister. The complaining witness's mother testified over appellant's objection that she chased appellant out of her home when she learned that he tried to take off her daughter's shorts. After reviewing the record, we find that appellant's complaint has been waived. Although appellant objected to testimony of the victim's mother regarding a sexual assault attempt on another one of her children, this same evidence came in later without objection. *Anderson v. State*, 717 S.W.2d 622, 628 (Tex.Crim.App.1986), *cert. denied*, 496 U.S. 944, 110 S.Ct. 3232, 110 L.Ed.2d 678 (1990); *Morin v. State*, 800 S.W.2d 328, 330 n. 1 (Tex.App.—Corpus Christi 1990, no pet.). Elicited by appellant on cross-examination, it does not appear that appellant was attempting to rebut or to meet the effect of that evidence previously admitted over objection. We overrule appellant's point of error.

The State has submitted a brief raising an issue of unassigned error based on the jury charge.[1] Appellant has not raised any additional points of error. Any discussion of the issue would be purely advisory. Having overruled appellant's only point of error, we affirm the trial court's judgments.

---

1. Appellant was charged with two offenses. The causes were joined and each offense was tried to the same jury. Two jury charges were given. The jury charge in cause number 93–CR–12–E (aggravated sexual assault) contained the definition of reasonable doubt mandated by *Geesa v. State*, 820 S.W.2d 154, 162 (Tex.Crim.App.1991). The charge in cause number 92–CR–1080–E (indecency and attempted indecency with a child) did not. The State raises a question regarding the omitted definition.