NUMBER 13-02-534-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
ELIAS GONZALES GUTIERREZ,                                                Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 156th District Court
of Bee County, Texas.




M E M O R A N D U M O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Memorandum Opinion by Chief Justice ValdezFollowing a bench trial, the trial court convicted appellant, Elias Gonzales Gutierrez,
of arson


 and sentenced him to thirty years of incarceration in the Texas Department of
Criminal Justice, Institutional Division after an enhancement for prior felony convictions. 
Appellant raises the following two issues on appeal: (1) the evidence is legally insufficient
to support the conviction; and (2) the evidence is factually insufficient to support the
conviction. Within these two issues, he also contends the State failed to provide sufficient
evidence corroborating his confession to establish the corpus delicti of the crime. We
affirm the judgment of the trial court.
I. FACTUAL AND PROCEDURAL HISTORY
          Appellant was charged with starting a fire on January 13, 2002 at a mobile home
belonging to Michelle Gutierrez, the victim. The evidence at trial established the following. 
          In October 2001, appellant was released from prison after serving a sentence for
forgery. In November, appellant went to live with his brother, Albert Gutierrez, and his
brother’s wife, Michelle Gutierrez, in the couple’s mobile home. Sometime during the
month of November, appellant and the victim had an affair. Around Thanksgiving, the
victim obtained a restraining order against her husband, Albert, who was subsequently
ordered by police to leave the mobile home. Appellant and the victim continued living
together after Albert moved from the mobile home. 
          On December 22, 2001, appellant and the victim were arrested for assault after an
altercation at appellant’s sister’s home. They were later released, and their relationship
subsequently ended. Between December 23, 2001 and January 13, 2002, appellant
phoned the victim several times demanding she get back together with him, sometimes
threatening to burn down the mobile home if she did not continue in the relationship. 
          On the morning of January 13, 2002, appellant made several threatening phone
calls to the victim’s mother, Maria Cano, demanding to speak with the victim. He again
threatened to burn down the victim’s mobile home if he was unable to get in contact with
her. Cano then informed her daughter of appellant’s threats and advised her to leave the
mobile home with her children. The victim did so. 
          Later that afternoon, appellant met with Reynaldo Moreno, a friend. Appellant
asked Moreno for a ride to the victim’s mobile home, explaining that the purpose of his trip
was to get his clothes. Moreno gave appellant a ride to the mobile home. No one was
there as appellant arrived and left. Later that evening, the fire was discovered, and the
mobile home was severely damaged. 
          On January 18, 2002, appellant gave a sworn voluntary statement to Jesse
Dominguez, a detective for the Beeville Police Department. Appellant admitted to starting
the fire by “[throwing] a cigarette that [he] had in [his] mouth on the floor on top of a shirt”
in the victim’s daughter’s room and then leaving the trailer. A week after he gave the
statement, appellant suggested that Dominguez speak to Moreno as a person with
knowledge of the arson that appellant had committed. 
          Appellant recanted this confession at trial. The State presented testimony by a
deputy state fire marshal. The fire marshal concluded that the fire’s point of origin was the
victim’s daughter’s room and that the fire was intentionally started by applying an open
flame to combustible material in the room. 
II. ANALYSIS
A. Corpus Delicti
1. Standard of Review
          An extrajudicial confession alone is not sufficient to sustain a conviction for arson. 
Adrian v. State, 587 S.W.2d 733, 734 (Tex. Crim. App. [Panel Op.] 1979). “The confession
must be corroborated by evidence that a crime has been committed”; that is, the corpus
delicti must be proven. Id. To establish the corpus delicti for arson, the State must prove
the structure was intentionally set on fire by someone. Id. at 735. The mere fact that a
building was destroyed is not sufficient to establish corpus delicti. Id. 
          However, corroboration requires only some proof tending to show that the crime was
committed. See Fisher v. State, 851 S.W.2d 298, 302 (Tex. Crim. App. 1993). The State
need not prove corpus delicti beyond a reasonable doubt, or even by preponderance of the
evidence; it need only provide some evidence other than the confession that someone
committed the crime. Hough v. State, 929 S.W.2d 484, 486 (Tex. App.–Texarkana 1996,
pet. ref’d). Moreover, the corpus delicti rule does not require proof of the identity of the
person. Gribble v. State, 808 S.W.2d 65, 70 (Tex. Crim. App. 1990). The identity may be
established by the extrajudicial confession alone. Id.
2. Application
          Appellant relies on Adrian and Bussey, in which the court of criminal appeals held
that the State failed to prove corpus delicti. See Adrian, 587 S.W.2d at 735; Bussey v.
State, 474 S.W.2d 708, 710 (Tex. Crim. App. 1972). In Adrian, the defendant confessed
to having started the fire the night in question. Adrian, 587 S.W.2d at 734. However, apart
from the defendant’s confession, no evidence was introduced by the State suggesting that
the fire was intentionally set. Id. The State in that case did not produce any evidence
about the fire’s cause, did not negate the possibility of accidental causes, and did not show
that the defendant was in the dwelling before the fire. Id. Accordingly, the court held that
the State had failed to produce any evidence establishing corpus delicti, that is, a fire was
intentionally set. Id. at 735. Similarly, in Bussey, the State submitted evidence addressing
only the defendant’s motives and proximity. Bussey, 474 S.W.2d at 710. The court in that
case held the evidence did not establish the house in question was set on fire and hence
did not establish corpus delicti. Id.
          Unlike Adrian and Bussey, the State in this case provided evidence that the mobile
home was intentionally set on fire by someone. The State presented testimony from a
deputy state fire marshal who concluded that the fire was intentionally set and suggested
that other possible sources of the fire could not have occurred. The State provided some
evidence other than the confession that someone committed the crime. Accordingly, the
State established corpus delicti. 
B. Legal Sufficiency
1. Standard of Review
          In determining legal sufficiency, we consider the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 319 (1979); Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003). 
However, the reviewing court does not judge the credibility of the witnesses or sit as a
thirteenth juror. Henderson v. State, 825 S.W.2d 746, 749 (Tex. App.–Houston [14th Dist.]
1992, pet. ref’d). Inconsistencies in the testimony should be resolved in favor of the
verdict. Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). 
          Sufficiency of the evidence is measured against the elements of the offense as
defined in a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex.
Crim. App. 1997). “Such a charge would be one that accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State’s burden of proof
or unnecessarily restrict the State’s theories of liability, and adequately describes the
particular offense for which the defendant was tried.” Id. This standard applies to bench
trials. Id.; Wheaton v. State, 129 S.W.3d 267, 272 (Tex. App.–Corpus Christi 2004, no
pet.). The penal code provides that a person who commits arson by starting “a fire,
regardless of whether the fire continues after ignition, or causes an explosion with intent
to destroy or damage . . . any building, habitation, or vehicle (A) knowing that it is within the
limits of an incorporated city or town.” Tex. Pen. Code Ann. § 28.02(a)(2)(A) (Vernon
2003) 
2. ApplicationThe State introduced appellant’s confession. In the confession, appellant admitted
to starting the fire in the victim’s daughter’s room. The fire marshal also testified that the
fire was intentionally set and began in the victim’s daughter’s room. In addition, the State
introduced Cano’s testimony as to appellant’s threats on the date of the fire and
Dominguez’s testimony stating appellant had suggested that Dominguez speak with
Moreno as a person who had knowledge of his arson. The State also introduced Moreno’s
testimony placing appellant at the scene of the fire not long before the fire was discovered. 
          Viewing the evidence most favorable to the verdict, we conclude a rational trier of
fact could have found the essential elements of arson beyond a reasonable doubt. 
Jackson, 443 U.S. at 319. We hold the State provided legally sufficient evidence to sustain
a conviction for arson. Accordingly, we overrule appellant’s first issue. 
C. Factual Sufficiency 
1. Standard of Review
           In analyzing issues of factual sufficiency, the evidence is measured against the
elements of the offense as defined by a hypothetically correct jury charge. Wheaton, 129
S.W.3d at 272; Adi v. State, 94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet.
ref’d); cf. Malik, 953 S.W.2d at 240. When reviewing the factual sufficiency of the elements
of the offense on which the State carries the burden of proof, we impartially examine all of
the evidence and set aside the verdict only if “proof of guilt is so obviously weak as to
undermine confidence in the [fact finder’s] determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by the contrary proof.” Wheaton, 129
S.W.3d at 272 (quoting Swearingen, 101 S.W.3d at 97). Due deference must be accorded
to the fact finder’s determinations on the weight and credibility of the evidence, and we may
not merely substitute our own judgment. Swearingen, 101 S.W.3d at 97; Johnson, 23
S.W.3d at 7. 
           We review the evidence weighed by the fact finder that tends to prove the existence
of a disputed elemental fact and compare it to evidence that is contrary to the disputed
fact. Johnson, 23 S.W.3d at 7. However, we do not intrude on the jury’s role as the sole
judge of the weight and credibility given to witness testimony. Id.
2. Application
          Appellant contends the inconsistencies between the information contained in his
confession and the remainder of the State’s evidence warrant a new trial. Hendricks v.
State is instructive here. Hendricks v. State, 727 S.W.2d 816 (Tex. App.–Fort Worth 1982,
no writ). 
          In Hendricks, the defendant confessed to starting a fire that had occurred five years
earlier. Id. at 818. At the time of the investigation, the fire marshal concluded that the fire
had occurred in the utility room behind the girls bathroom and that flammable liquids were
used to start the fire. Id. at 819. On the other hand, the defendant’s confession stated he
had started the fire in a storage room behind the girls bathroom and that he had not used
flammable liquids. Id. The court discounted the difference between “storage room” and
“utility room” and found the discrepancy regarding the use of flammable liquids was
insufficient to warrant a reversal. Id. 
          In this case, appellant highlights the following inconsistencies in the evidence: (1)
the cause of the fire as stated in his confession is not consistent with the deputy fire
marshal’s opinion that the fire was started by an open flame; (2) appellant recanted his
confession; and (3) appellant testified his confession was the product of promises
Dominguez made that he would allow appellant to be in contact with the victim if he
provided a statement. However, the fire marshal’s testimony, although not in complete
harmony with appellant’s confession, does establish that the fire was intentionally set and
corroborates the portion of appellant’s confession concerning where the fire began–in the
victim’s daughter’s room. Dominguez denied offering appellant anything in exchange for
the confession. In addition, the State introduced testimony by the victim establishing that
a relationship had existed between appellant and the victim and that appellant had
threatened, before the fire, to burn down her mobile home. The State introduced Cano’s
testimony that on the day of the fire appellant was angry and had threatened to “burn out”
the victim’s home if he could not speak with her. Moreno’s testimony placed appellant at
the scene of the fire not long before the fire was reported. 
          Appellant, in asking us to resolve inconsistencies in the evidence in his favor, is
merely asking us to re-weigh the evidence and re-evaluate the credibility of the witnesses. 
The fact finder is the sole judge of the weight of the evidence and credibility of the
witnesses. Swearingen, 101 S.W.3d at 97; Johnson, 23 S.W.3d at 7. We hold that the
proof of guilt is not so “obviously weak” nor is it “greatly outweighed by contrary proof.” 
See Johnson, 23 S.W.3d at 11. Accordingly, we reject appellant’s arguments and overrule
his second issue. 
III. CONCLUSION
We conclude the State provided evidence establishing the corpus delicti for arson. 
We also conclude the evidence presented at trial was both legally and factually sufficient
to support the conviction for arson. We affirm the judgment of the trial court. 
           
                                                                                                                                
                                                                                      Rogelio Valdez,
                                                                                      Chief Justice
Concurring opinion by Justice Castillo.


Do Not Publish.
Tex. R. App. P. 47.2(b). 

Opinion delivered and filed
this 5th day of August, 2004.