HECTOR (a slave) *v.* THE STATE.

1. The confessions of a prisoner, extorted by pain, or made under the influence of hope or fear, are inadmissible evidence. (Note *a.*)
2. It is the province of the Court and not of the jury to determine whether a confession is made with that degree of freedom which is necessary to make it admissible evidence.
3. The discharge of a jury after they had heard the evidence and retired, in consequence of the sickness of one of the Jurors, is not error on a trial for burglary.

## ON WRIT OF ERROR.

M'GIRK, C. J., delivered the opinion of the Court.

This was an indictment for burglary. In the course of the trial, certain instructions were asked for by the prisoner's counsel and refused, and other instructions given in lieu thereof and objected to. A part of the testimony was, that about half past ten o'clock at night, when the burglary was discovered, certain persons caught Hector and began to flog him to make him confess what he knew concerning the burglary and stealing of the money mentioned in the indictment. That they continued flogging all night, that he screamed under the lash, and said if they would release him he would find the money. The State then examined one McKinney, who said, that about day break he was awakened by a loud hollowing or screaming in the rear of his house, that he arose, and on inquiry was informed by some persons there, near his house, that certain persons were flogging the slave Hector, to compel him to discover. That when Hector heard the witness' voice he called on him to come to his assistance; that then the witness went to Hector, and told him if he took the money he ought to confess, and then asked Hector if he took the money. That Hector replied that he took the money, and that he would show the witness where it was, but that he did not wish the persons who had been flogging him to accompany him. That the money was at Mr. Menard's, his master's house, and that if the witness would go there alone with him, he would find the money. That the other persons would not consent to that, unless they also would be allowed to go along, and then Hector, the witness, and the other persons, went to the house of Mr. Menard and did not find any money. That witness conceiving that Hector had deceived him, gave him several lashes with a cowskin, and then left him.

The prisoner's counsel then moved the Court to exclude McKinney's testimony from the jury, on the ground that the confession of Hector was not freely and voluntarily made, but extorted by pain, &c., which motion the Court overruled; and the prisoner's counsel also prayed the Court to exclude from the consideration of the jury, all the confessions which were extorted from him, which the Court refused.

But instructed the jury that they should exclude from their consideration any confession made by Hector under the influence of torture or pain, or hope or fear, but that the confessions of the defendant, which, in their opinion, was given freely and

59*

Hector *v.* The State.

voluntarily, should be taken as good evidence against the prisoner, which instruction was objected to, &c.

The first question to be considered is, did the Court err in refusing to exclude the testimony of McKinney from the jury? I think in this the Court did err.

(168) Hector had been under the lash the greatest part of the night. This circumstance might of itself be sufficient to subdue him into any confession required. No doubt when he saw McKinney he hoped for some relief, and asked him for it, but he was told that if he was guilty he should confess, and then was asked if he took the money, to which he replied he had taken it and offered to show where it was. This all might have been done, and most probably was, to gain a respite from pain; which view of the subject is strengthened by the fact that no money was found where the party and prisoner went to look for it.

The Court erred in instructing the jury that all the confessions, freely and voluntarily made, were evidence. And those not of this character not evidence. Whether a confession is sufficiently free and voluntary to be competent testimony, is a matter of law to be decided by the Court and not by the jury. In this case there was another confession other than that made to McKinney that he took the money, which I consider made under the influence of pain, which should by the Court have been excluded from the consideration of the jury.

Another point made by the prisoner's counsel is, whether after a jury have been sworn, heard the evidence, and retired to consider of their verdict, they can be discharged on account of the sickness of one of the jurors. In this case the juror was sworn, and on his oath declared he was unable, by reason of sickness, to serve any longer, and then the whole were discharged. We are of opinion that there is no error on this point.

Judgment reversed and sent back for a new trial.

(a.) See Hawkins *v.* The State, 7 Mo. R., 192.