WARREN, A FREEDMAN v. THE STATE.

In an indictment for the theft of "$10, lawful money," the value of the money need not be averred. The allegations would require proof of the taking of coin.

The objection in arrest of judgment, that the indictment did not state that the money was "feloniously" taken, was not noticed, the indictment having been framed under article 745 of the Penal Code. (Paschal's Dig., Art 2381, Note 683.)

A confession can never be received in evidence when the defendant has been influenced by any threat or promise, or when it has been extorted, or made under the influence of hope or fear.

XXIX—24.

The rule in 1 Greenl. on Ev., § 232, as to facts confessed having been other-
wise proved to have been found true, quoted and approved.

By Art. 662, of the Code of Crim. Pro., as amended, it is declared, that "the
confession shall not be used, if at the time it was made the defendant
was in jail, or other place of confinement, nor while he is in custody of an
officer, unless such confession be made in the voluntary statement of the
accused, taken before an examining court, in accordance with law, or be
made voluntarily, after having been first cautioned that it may be used
against him; or unless, in connection with such confession, he make [a] state-
ment of facts or of circumstances that are found to be true, which conduce
to establish his guilt, such as the finding of secreted or stolen property,
or instruments with which he states the offense was committed." (Pas-
chal's Dig., 2d ed., Art. 3127, Note 761.) The charge should be so framed
as to confine the jury to the facts and circumstances proved to be true.

Although the charge might have been so framed as to warrant the verdict,
yet, if framed contrary to this article, the judgment will be reversed.

APPEAL from Austin. The case was tried before Hon.
BENJAMIN SHORPSHIRE, one of the district judges.

Warren, a freedman, was indicted for theft, under arti-
cle 745 of the Penal Code. (Paschal's Dig., Art. 2381,
Note 683.) The indictment charged (time and place) "$10,
in lawful money, the property of T. A. Engleke, of said
county and State, the defendant did fraudulently steal,
take, and carry away from the possession of the said T. A.
Engleke, without his consent, with the intent to deprive
the owner of the value of the same, and to appropriate it
to his own use."

The evidence was, that Engleke had become aware that
some one was in the habit of entering his store and robbing
it. He placed two witnesses in the store to watch at night.
Some person entered by a trap-door and opened the money-
draw. They struck a light, and the intruder fled. One of
the witnesses ran rapidly to Engleke's house, four hundred
yards. A few moments after his arrival, the negro, who
was Engleke's servant, entered out of breath, and said to
Engleke, "two white men have broke into the store."
Engleke charged the defendant with being the thief.
They carried him to the store. Several persons soon

entered with six-shooters, and the negro was taken into the counting-room. He said to Engleke, that if they would not hang him, he would confess the whole businesss. Engleke having given this promise, he confessed to the habit of entering the store, and that, at different times, he had taken out, in all, as much as $75, besides some calico and tobacco; and he offered to work it all out. Engleke identified a broken piece of coin, which he had left in the drawer that night, and which was found on the person of the defendant. His shoes were also found where the prisoner told them to look for them. Perhaps it ought to be recorded, in favor of humanity, that under the slave code, while it existed, it was declared, that "the confession of a slave shall never be used in evidence against him, when made after whipping or other chastisement has been inflicted or threatened, on account of the offense of which he is accused." (Paschal's Dig., Art. 3128.)

And it had generally been the rule to exclude all confessions made by a slave after his arrest. In this case, however, the offense was perpetrated when the same 'rules of evidence were applicable to the colored and to the white man. (Paschal's Dig., Art. 5382.)

The court instructed the jury as follows: "If you believe, from the evidence, that the confessions of the prisoner were made through fear, or in anticipation of violence, and, to relieve himself from such anticipated danger, he made such confession, the jury will disregard such confession, and not receive the same.

If the jury believe, from the evidence, that the confessions made by the prisoner were not free, and made by him to relieve himself from anticipated danger, although such danger did not really exist, they must disregard such confession, and make up their verdict on the other testimony. If some of the facts confessed were found to be true by other evidence, the jury may consider them all true."

The jury found the defendant guilty, and assessed his punishment to two years' imprisonment in the penitentiary. He moved in arrest of judgment and for a new trial, which being overruled, he appealed.

No briefs were furnished to the *Reporter.*

DONLEY, J.—The motion in arrest of judgment was properly overruled. The allegation is, that the defendant did steal, fraudulently take, and carry away, from the possession of Engleke, $10 in lawful money. This allegation would require proof of the taking of coin, and is sufficiently descriptive within itself to advise the defendant of the charge he has to meet. It was unnecessary to allege that the money taken was of the value of $10. The value is sufficiently averred in the description of the thing stolen. The statement of the number of dollars stolen is an averment of its value.

The court was requested to charge the jury that if the confessions made by the prisoner were not free, and were made by him to relieve himself from anticipated danger, although such danger did not exist, they must disregard the confessions of the prisoner, and make up their verdict on the other testimony. The court gave the charge with the qualification, that "if some of the facts confessed were found to be true by other evidence, the jury may consider them all true."

"A confession can never be received in evidence when the defendant has been influenced by any threat or promise, or when it has been extorted, * * or made under the influence of hope or fear." (Whar. Crim. Law, 254; Moore v. Commonwealth, 2 Leigh, 701; The State v. Phelps, 11 Vt., 116; The State v. Grant, 9 Shepley, 171; Hector v. The State, 2 Mo., 135; Serpentine v. The State, 1 How. Miss., 256.)

The evidence in this case shows, that the confession was

made when the defendant was in fear that his life might be taken. A statement made under such circumstances cannot be regarded as voluntary.

It is believed, that when a party is in custody under such circumstances as these his confessions may not be given in evidence against him. If he state facts in regard to the matters which are alleged against him, and the facts stated by him, as the finding of the property, are found to be true, it is competent to show that the fact or property was found in consequence of information given by him.

It is said, in 1 Greenl. on Ev., § 232: "If the prisoner himself produce the goods stolen, and deliver them up to the prosecutor, notwithstanding it may appear that this was done upon inducements to confess held out by the latter, there seems to be no reason to reject the declarations of the prisoner with the act of delivery, and explanatory of its character and design, though they may amount to a confession of guilt. But whatever may have been said at the time, not qualifying or explaining the act of delivery, is to be rejected. And if, in consequence of the confession of the prisoner thus improperly induced, and of the information by him given, the search for the property or person in question proves wholly ineffectual, no proof of either will be received."

In Rex v. Jones, 1 Russell & Ryan: "The prosecutor, before the money was produced, said to the prisoner, he only wanted his money; and if the prisoner gave him that he might go to the devil, if he pleased. Upon which the prisoner took 11s. 6½d. out of his pocket, and said it was all he had left of it. The prisoner was found guilty. It was held, that the evidence was not admissible, and the conviction wrong."

In Rex v. Jenkins, Russell & Ryan, 492: "The prisoner was induced by a promise from the prosecutor to confess his guilt; and, after the confession, he carried the officer to a particular house as and for the house where he had

disposed of the property, and pointed out the person to whom he had delivered it. That person denied knowing anything about it, and the property was never found. The prisoner was convicted. The judge trying the cause thought it questionable whether the evidence was rightly received. He states the point for the consideration of the judges. The case was considered by the judges, who were of opinion that the evidence was not admissible, and that the conviction was therefore wrong. The confession was excluded, because, being made under the influence of a promise, it could not be relied upon; and the acts of the prisoners, under the same influence, not being confirmed by finding of the property, were open to the same objection."

From these authorities, it appears that the acts confessed required confirmation to authorize a conviction when the confession was made under duress.

The confessions of parties in custody accused of crime have been regulated in this State by statutes.

By act of February 11, 1860, it is provided, that "The confession shall not be used, if, at the time it was made, the defendant was in jail or other place of confinement, nor while he is in custody of an officer, unless such confession be made in the voluntary statement of the accused, taken before an examining court, in accordance with law, or be made voluntarily, after having been first cautioned that it may be used against him, or unless, in connection with such confession, he make [a] statement of facts or of circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property or instruments with which the offense was committed." [Penal Code, Art. 662; Paschal's Dig., Art. 3127, 2d ed.]

The accused was not in the custody of an officer; he was, however, in custody, and the testimony very clearly shows that confession cannot be regarded as having been made free from restraint.

The evidence in this statement was made in this case in connection with the confession, which was found to be true, and which did conduce to establish the guilt of the accused, and upon which it is believed that he might have been convicted under a correct charge.

The defendant requested the court to instruct the jury, as we have before stated. The instructions were given with a qualification that did not restrict the jury as to the character of the facts and circumstances that should be found true, in order to authorize them to consider the confessions of the defendant, made under duress. The facts or circumstances which are found to be true must be such facts and circumstances as may conduce to establish the guilt of the accused. The finding of the shoes near the house that was broken, and the proof that, in fact, the house was entered, as stated by the accused, and the money found on his person, which was identified as money that had been left in the drawer, are all circumstances corroborating his statement, and upon which the jury might have been warranted, on a proper charge, in finding the defendant guilty.

There are detailed facts in this case in regard to the entering the store of Engleke on previous occasions, and committing thefts therein; but at what time it does not appear.

If his statement was confirmed in regard to some previous theft, entirely disconnected from the offense here charged against him, (if it was for a theft of tobacco or calico that his testimony was found to be true,) as such testimony could not conduce to establish his guilt of the charge on which he was being tried of theft of money, the confirming his testimony in the matter we have supposed would not authorize his confession to be given in evidence against him. For this error in the charge the judgment is reversed, and the cause

REMANDED.