### MATTHEW THOMAS V. THE STATE.

No. 10964.   Delivered June 8, 1927.

Rehearing denied November 16, 1927.

**1.—Rape—Indictment—Held Sufficient.**

Where appellant charged with rape moved to quash the indictment, and it appears that the indictment follows the form laid down in Branch's P. C., Sec. 1764, p. 990, same was sufficient. Numerous decisions of this court have approved that form.

**2.— Same — Charge of Court — On Circumstantial Evidence — Properly Refused.**

Where appellant charged with rape had made a complete confession of his guilt, there was no necessity for a charge on circumstantial evidence.

**3.—Same—Charge of Court—On Aggravated Assault.**

Where, on a trial for rape, the appellant having confessed that he accomplished the act of penetration, there was no demand for a charge either on an assault with intent to rape or aggravated assault.

**4.—Same—Evidence—Bill of Exception—Incomplete.**

Where appellant objected to evidence of an examination of the prosecutrix after the assault, and the condition of her person and clothing disclosed by such examination, on the ground that the examination was too remote from the actual assault, and his bill does not affirmatively show the time that the assault was committed nor the examination made, presents no error. His grounds of objection, stated in the bill, cannot be accepted as facts, in the absence of the certificate of the judge that they are facts.

**5.—Same—Evidence—Of Physician—Properly Admitted.**

Where a witness testified that he was a practicing physician and had known the prosecutrix all her life and was the family physician, and had observed prosecutrix, there was no error in permitting this witness to testify as to the physical and mental status of prosecutrix.

**6.—Same—Argument of Counsel—Not Improper.**

It is perfectly proper, as well as necessary, in the trial of a criminal case for the prosecuting attorney to discuss the evidence in a logical and proper way and to deduce such conclusions from the evidence as are warranted. Objection to such arguments present no error.

7.—Same—Bill of Exception—Qualification of Court—No Error Presented.

Where appellant complains of the admission of certain testimony and the court qualifies his bill with the statement that the witness did not testify, as complained of in the bill, nothing is presented to this court for review.

8.—Same—Argument of Counsel—When Invited—Not Error.

Where appellant complains of the argument of State's Attorney, and his bill is qualified by the court with the statement that the argument complained of was invited by appellant, no error is presented. Having invited the argument, even though same was improper, appellant will not be heard to complain.

ON REHEARING.

9.—Same—Evidence—Proof of Corpus Delicti—Held Sufficient.

"The general doctrine is that extra-judicial confessions standing alone are not sufficient proof of the corpus delicti, and some of the cases hold that the corpus delicti must be proven, independently of the confession. But we do not understand such to be the better doctrine. It has been decided in recent years and seems now to be a fairly recognized rule that a confession may be used to aid in proving the corpus delicti, subject, however, to the above statement that it cannot of itself alone prove the corpus delicti." Cokeley v. State, 220 S. W. 1099; Kugadt v. State, 38 Tex. Crim. Rep. 681, and other cases cited in opinion on rehearing.

10.—Same—Evidence—Held Sufficient.

Where appellant admitted the act of intercourse with prosecutrix, and the evidence clearly established that at the time of such act the prosecutrix was of unsound mind, incapable of consenting to the act of intercourse, which condition was obvious and known to appellant, the corpus delicti being established by appellant's confession, together with the condition of prosecutrix's person and private parts, shortly after the assault, we feel that these facts were fully sufficient to support the conviction.

Appeal from the Criminal District Court of Travis County, on a change of venue from Lee County. Tried below before the Hon. James R. Hamilton, Judge.

Appeal from a conviction for rape, penalty ninety-nine years in the penitentiary.

The opinion states the case. This case has been tried twice before. See Thomas v. State, 98 Tex. Crim. Rep. 428, and 102 Tex. Crim. Rep. 575.

*Audley Harris* and *N. P. Spring* of Austin, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—Appellant was convicted in the District Court of Travis County on a change of venue from Lee County for the offense of rape upon one Minnie Carlo, and his punish-

ment assessed at ninety-nine years in the penitentiary. This is the third appeal of this case. The first two appeals will be found in 98 Tex. Crim. Rep. 428, 266 S. W. 147; and 102 Tex. Crim. Rep. 575, 279 S. W. 278.

Appellant complains of the action of the learned trial judge in overruling his motion to quash the indictment. We are not in accord with this contention. The indictment follows the form laid down in Branch's Penal Code, Sec. 1764, p. 990, and has been upheld by numerous decisions of this court.

Appellant brings forward three special charges which were refused by the learned trial judge. These charges are requests for instructed verdict. The facts are amply sufficient to justify the court in refusing to give said charges and in submitting the issues of fact to the jury. The remaining three special charges requested by the appellant were given by the court.

Appellant excepted to the refusal of the court to submit the case on circumstantial evidence. The state introduced in evidence a complete confession, made and signed by appellant, in which he admitted having carnal intercourse with the prosecutrix. This confession showed penetration. Where the state relies for a conviction upon the confession of the appellant, which confession admits the truth of the main facts, no error is committed in refusing to charge on circumstantial evidence.

Appellant also excepted to the failure of the learned trial judge to charge upon the law as to assault with intent to rape and aggravated assault. As we view the facts, these issues were not presented, the appellant having admitted that he accomplished the act of penetration.

Appellant, in his bill of exception No. 3, complains of the admission of the testimony of Mrs. L. G. King, who testified in substance that when she arrived at the home of Minnie Carlo about 2 o'clock in the afternoon of the day the alleged offense was committed, she found Minnie Carlo, the prosecutrix, bleeding from her private parts; that the blood was flowing and that she applied cold water to the prosecutrix's private parts in an effort to stop the flow of blood; that she continued this treatment until Dr. Wood arrived about 4 o'clock the same afternoon; that she examined prosecutrix's clothes and found a great deal of blood and blood stains upon them. This testimony was objected to by appellant for the reason that it was charged, and the state contended, that the alleged rape occurred at 11 o'clock in the morning; that there was no evidence that the injured party, Minnie Carlo, was in the same condition at 11 o'clock; that the evidence showed she was found in at 2 o'clock;

that it was not a part of the res gestae for the reason that it was too remote, whether in point of time or from the scene of the alleged offense; that the examination of the person was not made in the presence of the appellant, but in his absence, and was self-serving on the part of the alleged injured party. The court does not certify when the alleged offense was committed, and this is merely the grounds of appellant's objection without any certificate on the part of the court that the grounds were correct. The objection is that the alleged rape occurred at 11 o'clock in the morning, and that the bloody clothing and the bloody parts of prosecutrix were disclosed at 2 o'clock, and this testimony was not admissible as a part of the res gestae. There is no certificate on the part of the trial court that the grounds of objection stated in the bill were correct, and no facts are certified to by the learned trial judge upon which this court can determine whether or not the testimony complained of was res gestae, and in the absence of some showing in the bill negativing the idea that it is res gestae it will be presumed that the ruling of the trial court was correct and that it was res gestae. However, we are of the opinion that if the prosecutrix was bleeding continuously from her private parts subsequent to the alleged rape and on the same day it was permissible to prove that fact as tending strongly to corroborate the confession of the appellant wherein he admitted that he penetrated the private parts of prosecutrix.

What we have said in our disposition of bill of exception No. 3 disposes of bills of exception Nos. 4 and 6.

Appellant complains in his bill of exception No. 5 that Dr. W. E. Wood was permitted to testify that he had known Minnie Carlo practically all her life; that he was the family physician; had had one or two conversations with prosecutrix; had heard her talk some; had observed the expression of her face and the expression of her eyes; that she was paralyzed on her right side from her head to her foot; that she presented a blank look out of her eyes; that from her conversation, the look in her eyes and face, it was his opinion that prosecutrix, Minnie Carlo, was of unsound mind. Objection to this testimony was that the witness was testifying as a layman and not as an expert; that his opportunities to observe the said Minnie Carlo were insufficient to qualify him to express an opinion as to the soundness or unsoundness of her mind, and was calculated to mislead the jury, and was prejudicial to the appellant; that the facts detailed by witness were not sufficient predicate to sustain the questions and answers; that it was not shown that

appellant had had the same opportunities of observation as the witness or that he had had any opportunities to hear any conversation of Minnie Carlo, and to observe the expressions of her eyes and face. It will be observed from an examination of this bill that the court failed to certify that the witness was testifying as a layman instead of as an expert. The court did not err in admitting this testimony, the doctor being well qualified to testify as an expert.

Bill of exception No. 7 complains of the argument of the prosecuting attorney, Merton L. Harris. We have read the argument and, in the light of the testimony of the witness, Dr. Joe Wooten, whose evidence the prosecuting attorney was discussing at the time he made the argument complained of, we are of the opinion that the argument was nothing more nor less than a logical and proper deduction from the evidence and was clearly within the record. The court did not err in refusing to instruct the attorney to desist from making said argument.

By bills of exception Nos. 8, 9 and 10, appellant complains because of the testimony of the state's witnesses, Dr. Joe S. Wooten, Dr. W. W. Greer, and Dr. Sam Haigler, who, as experts, testified as to the soundness or unsoundness of the mind of the prosecutrix, and that she had the mind or intelligence of an 8-year-old child. The court certifies in his qualification to each of said bills that the witnesses did not testify as complained of in the bill. However, it is our opinion that the court committed no error in permitting them to testify, they having qualified as experts.

Bills of exception Nos. 11 and 12 complain of the argument of prosecuting attorney. Both of these bills are qualified by the learned trial judge in which qualifications he certifies that the argument complained of in such bills was invited by appellant's counsel. However, it is our opinion that said argument amounted to nothing more nor less than empty declamations, and it is immaterial whether they were invited or not. The argument was not of such a nature as to warrant this court in reversing and remanding this case for another trial.

There being nothing in the record pointing out any error, and the facts being sufficient to support the verdict, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Touching the rulings of the court on matters of evidence the announcements of this court in the opinion on the original hearing are deemed sound. A further discussion of the bills is deemed unnecessary.

Pointing to the case of Cokeley v. State, 220 S. W. 1099, appellant insists that in holding the evidence sufficient to establish the corpus delicti there was error committed. From the opinion in Cokeley's case we quote:

"It has been decided in recent years and seems now to be a fairly recognized rule that the confession may be used to aid in proving the corpus delicti, subject, however, to the above statement that it cannot of itself prove the corpus delicti. Kugadt v. State, 38 Tex. Crim. Rep. 681, 44 S. W. 989; Fredrickson v. State, 44 Tex. Crim. Rep. 288, 70 S. W. 754; Austin v. State, 51 Tex. Crim. Rep. 328, 101 S. W. 1162; 68 L. R. A. 70."

From the opinion of this court rendered by Presiding Judge Hurt in the Kugadt case (38 Tex. Crim. Rep. 694), we take the following quotation:

"The general doctrine is that extra-judicial confessions, standing alone, are not sufficient proof of the corpus delicti; and some of the cases hold that the corpus delicti must be proved independently of confessions. But we do not understand such to be the better doctrine. In other words, in the establishment of the corpus delicti the confessions are not to be excluded, but are to be taken in connection with the other facts and circumstances in evidence. See Note 3 to case of State v. Williams, reported in 78 Am. Dec., p. 254. And this rule is recognized in this state. See Jackson v. State, 29 Tex. Crim. App. 458. Said case quotes with approval an excerpt taken from 4 American & English Encyclopedia of Law, p. 309, as follows: 'A confession is sufficient, if there be such extrinsic corroborative circumstances as will, taken in connection with the confession, produce conviction of the defendant's guilt in the minds of a jury beyond a reasonable doubt.' 'Such suppletory evidence need not be conclusive in its character. When a confession is made, and the circumstances therein related correspond in some points with those proven to have existed, this may be evidence sufficient to satisfy a jury in rendering a verdict asserting the guilt of the accused. Full proof of the body of the crime, the corpus delicti, independently of the confessions, is not required by any of the cases; and in many of them slight corroborating facts were held sufficient.' 3 Am. & Eng. Enc. of Law, p. 447. We take it

that there can be no question that the prosecution is permitted to prove by circumstantial evidence the corpus delicti, and in aid thereto use confession of the appellant."

See also Aven v. State, 95 Tex. Crim. Rep. 155.

In the present case the record is not without evidence of facts and circumstances independent of the confession which was available to the jury to supplement the confession in proving the corpus delicti.

The present case has heretofore been twice before this court. See Thomas v. State, 98 Tex. Crim. Rep. 428, and 102 Tex. Crim. Rep. 575. The subject of the offense was Minnie Carlo, a woman 46 years of age, who had spent her life in the same community. Many witnesses testified on the issue of her mental condition. Some of them had known her from infancy. No doubt is entertained of the sufficiency of the evidence to warrant the jury's finding that at the time of the offense she was so mentally diseased as to have no will to oppose the act of sexual intercourse in which confessedly the appellant had engaged with her.

The main issue upon the trial was knowledge on the part of the appellant of the mental deficiency of the woman mentioned. Upon that question the evidence adduced is quite sufficient to support the verdict. In his written confession the appellant related the fact that he was 28 years of age; that while out in the woods hauling wood he observed the woman, who said she was there getting wood for her aged mother, also that she was crippled and could not do much, and that her mother was old and could not do anything. She exhibited her crippled arm. After a somewhat extended conversation the appellant took hold of the arm, which was not paralyzed. At his request she laid down on the ground where he had sexual intercourse with her. The appellant was not a stranger in the vicinity but had resided there for some time. Aside from the confession, there was evidence that the appellant had cut wood in the locality in which the offense was charged to have been committed; that he frequently went to the place near the Carlo home, where the assault was committed, for the purpose of cutting wood. There was some testimony to the effect that the appellant and the woman were seen by others near the place and about the time of the alleged offense. The evidence shows that on the day designated in the confession, after the occurrence therein described, Minnie Carlo went to her home; that the neighbors were called by her mother; that the physical condition described by them, including her female organs and flow of blood, was

such as to coincide with the appellant's confession touching the act of intercourse.   There were also tracks and footprints at the place where, according to the confession, the act took place which tended to support the declaration in the confession. There was evidence also excluding the theory that the flow of blood from the woman in question after the alleged occurrence was due to causes other than the sexual act.   The statement of facts is long, and a recital of the details is impracticable. On the previous appeals the evidence of the corpus delicti was not held insufficient, and that phase of the case, so far as we are aware, was not pressed upon rehearing.   In the examinations of the records heretofore made, this court has not been impressed with the view that the evidence was inadequate to establish the corpus delicti, and such is the opinion of the court at the present time.   We have perceived nothing in the record warranting this court in again ordering a reversal of the judgment.

The motion for rehearing is overruled.           *Overruled.*