**Arlon Wayne HOUGH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–96–00016–CR.

Court of Appeals of Texas,
Texarkana.

Submitted July 9, 1996.

Decided Aug. 8, 1996.

Cora Meyer, Carthage, for appellant.

Danny Buck Davidson, District Attorney, Dana R. Whitmer, Assistant District Attorney, Carthage, for appellee.

Before CORNELIUS, C.J., and GRANT and STARR, JJ.

## OPINION

CORNELIUS, Chief Justice.

Arlon Wayne Hough appeals his conviction for arson. He contends that he is entitled to a reversal because the State failed to establish the corpus delicti of arson apart from his extrajudicial confession; his confession was involuntary and it led the court to erroneously admit into evidence a photograph obtained as a result of the confession; and the court erred in not granting his motion for new trial because the allegations contained in the indictment materially varied from the proof. We affirm the judgment.

Hough and his estranged wife, Arlene Burnes Hough (now Stevens), were getting a

divorce in the summer of 1986. On June 30, Stevens and the couple's child, JonErik Burnes Hough, were spending the night with her parents, Thomas and Lillian "Nancy" Burnes, preparing to move into a mobile home on her parents' property in Panola County. The mobile home was 300 to 400 yards from the parents' house. When Thomas Burnes came home from work about 12:45 a.m. on July 1, he saw the trailer house afire. The trailer and the contents were destroyed.

About a week after the fire, Hough and Stevens spoke by telephone. According to Stevens's testimony, Hough told her that on the night of the fire he looked into her parents' home, saw her and his son, and then entered the mobile home through an air conditioning grate on the floor. He checked to make sure no one was in the trailer, then removed an eight-by-ten framed photograph of JonErik from atop the television set, used a cigarette lighter to ignite the bedspread in Stevens's bedroom in the trailer, and left the trailer through the back door, locking it.

Stevens testified she told Hough to give a statement to the Panola County Sheriff's Department. Hough testified that Stevens told him that if he confessed to the arson, she would reconcile with him and allow him to see his son. He testified she had previously refused to let him have access to his son. Hough made a written statement to officers in which he said he set the fire.

Hough was convicted by a jury. The trial court set his punishment at three years in prison and ordered him to pay $12,756.00 in restitution.

■ Hough first contends that the trial court should have granted his motion for directed verdict and his motion for new trial because the State failed to prove the corpus delicti of arson apart from his statement.

■ An extrajudicial confession alone is not sufficient to sustain a conviction. *Adrian v. State*, 587 S.W.2d 733, 734 (Tex.Crim.App. [Panel Op.] 1979). Evidence that a crime has been committed—i.e., the corpus delicti— must corroborate the confession. *Id.*[1]

■ Corpus delicti means evidence that a crime has been committed by someone, but it does not require proof of the identity of the person. *Gribble v. State*, 808 S.W.2d 65, 70 (Tex.Crim.App.1990) (plurality opinion on this issue), *cert. denied*, 501 U.S. 1232, 111 S.Ct. 2856, 115 L.Ed.2d 1023 (1991).[2] To establish the corpus delicti of arson, the State must produce evidence that someone designedly set the fire. *Adrian v. State, supra*.

■ The independent evidence tending to establish the corpus delicti need not be direct, but may be circumstantial. *Penry v. State*, 691 S.W.2d 636, 648 (Tex.Crim.App. 1985). And while the evidence must relate to the corpus delicti, it need not be sufficient in itself to prove the offense; it need only render the corpus delicti more probable than it would be without the evidence. *Emery v. State*, 881 S.W.2d 702, 705 (Tex.Crim.App. 1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995). It is not necessary that the evidence prove the corpus delicti beyond a reasonable doubt, or even by a preponderance of the evidence; it is only necessary that there be some evidence other than the confession that someone has committed a crime. *R.C.S. v. State*, 546 S.W.2d 939, 942 (Tex.Civ.App.—San Antonio 1977, no writ); *see also Thomas v. State*, 108 Tex. Crim. 131, 299 S.W. 408 (1927). If there is

1. The corroboration rule in England appeared in two variations: (1) that the corroboration might be of any sort whatever and (2) that it must specifically relate to the corpus delicti. WIGMORE ON EVIDENCE § 2070 (3d ed.1940). Most jurisdictions in this country have adopted a rule requiring corroboration, but some did not limit the corroboration to evidence concerning the corpus delicti, that is, the corroborating evidence may be of any sort whatever, providing it tended to produce a confidence in the truth of the confession. WIGMORE ON EVIDENCE § 2071 (3d ed.1940).

2. Professor Wigmore suggests that each crime has three component parts: (1) the occurrence of an injury or loss; (2) someone's criminality as a source of the loss, that is, rather than an accident; and (3) the accused's identity as the doer of the crime. The corpus delicti originally may have referred only to the first element, that is, whether a loss has been sustained, but in later years, most courts included the second element, someone's criminality. WIGMORE ON EVIDENCE § 2072 (3d ed.1940).

independent corroborative evidence that, taken in connection with a confession, will convince the jurors beyond a reasonable doubt that the defendant is guilty, the confession is sufficient. *Thomas v. State*, 299 S.W. at 410. The confession alone may establish the identify of the defendant as perpetrator of the crime. *R.C.S. v. State, supra.*

Judge Clinton, writing for the Court of Criminal Appeals, suggests that any evidence tending to demonstrate the reliability of the confession will serve as corroboration, even if it does not specifically relate to the corpus delicti. *See Wooldridge v. State*, 653 S.W.2d 811, 816–17 (Tex.Crim.App.1983).

The opinion in *Wooldridge* cites for support *White v. State*, 591 S.W.2d 851 (Tex. Crim.App.1979), *overr. on other grounds, Bigby v. State*, 892 S.W.2d 864, 874–75 (Tex. Crim.App.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 2617, 132 L.Ed.2d 860 (1995). A close reading of *White*, however, suggests that it, too, follows the line of Texas cases requiring that the corroboration relate to the corpus delicti. *See, e.g., Self v. State*, 513 S.W.2d 832 (Tex.Crim.App.1974); *Thomas v. State, supra;* and *Kugadt v. State*, 38 Tex. Crim. 681, 44 S.W. 989 (1898).

In *White v. State, supra*, three men went to the home of Gladys and Benjamin Coffee for a visit. Mrs. Coffee testified that one of the men expressed interest in the fact that her husband sometimes carried $100 bills in his pocket. Mrs. Coffee testified the men left after she told them her husband no longer carried such sums. Pickup truck tire tracks matching those on a truck driven by one of the men was found at the Coffees' home and at the home of the murder victims, the McKays. Independent evidence showed that someone had searched Mr. McKay's billfold and Mrs. McKay's purse and that no money was found in either the billfold or the purse after the murders. Also, Benjamin Coffee, Mr. McKay's brother-in-law, testified Mr. McKay carried large sums of money in his billfold. The court apparently found this independent evidence was some evidence that a robbery had occurred. Subsequent Court of Criminal Appeals decisions have declined to follow *Wooldridge*'s purported modification of the corroboration rule. *See,*

*e.g., Emery v. State*, 881 S.W.2d at 705; *Fisher v. State*, 851 S.W.2d 298, 302–03 (Tex. Crim.App.1993); *Gribble v. State*, 808 S.W.2d at 70; and *Penry v. State*, 691 S.W.2d at 648–49.

The State argues that it proved the corpus delicti by showing that Hough was inside the trailer before the fire. Stevens testified that Hough told her he entered the trailer through an air conditioning grate on the floor. She testified that after the fire the grate was lying near the kitchen where Hough had told her he placed it. The State introduced into evidence a photograph of the grate lying near the kitchen. Also, Stevens testified that immediately before the fire, a framed photograph of JonErik was sitting next to bronzed baby shoes atop the television in the trailer, and that after the fire the fire-damaged bronzed baby shoes remained on the television but the photograph was missing. Hough himself brought the photograph to the Panola County sheriff's office at a deputy's request after he had been released on bail. Hough testified that he had stolen the photograph from the trailer some days before the fire.

The State introduced some evidence suggesting that the gas had not yet been connected to the trailer. This fact, if true, would make an accidental gas fire less likely.

The police officers said they investigated the fire as an arson case, and the fire investigator testified that he investigated the fire as a "case involving arson."

The State also introduced independent evidence that the fire started in the bedroom while Stevens was not at home.

Hough argues that there was no evidence, apart from his statement, that the trailer fire was set by anyone. He relies primarily on *Adrian v. State, supra; Bussey v. State*, 474 S.W.2d 708 (Tex.Crim.App.1972); and *Massey v. State*, 154 Tex.Crim. 263, 226 S.W.2d 856 (1950). In *Adrian v. State, supra*, the State introduced no independent evidence about the fire's cause, did not negate the possibility of accidental causes, and did not show that the defendant was in the dwelling before the fire. Here, the State introduced evidence that Hough was in the trailer short-

ly before the fire and that the gas was not connected. In *Bussey v. State, supra,* no one testified about the cause of the fire or gave an opinion about the cause. The court there did say the defendant's motive and proximity to the fire were not sufficient to support the conviction, but no one placed the defendant in the dwelling before the fire, only near the dwelling. In *Massey v. State, supra,* an insurance investigator testified that an accelerant had been placed on the floor, but that the fire had started elsewhere. Here the State introduced independent evidence that the fire started in the bedroom when Arlene Stevens was not at home.

Although the evidence in this case may not be sufficient to independently prove the corpus delicti apart from the confession, it renders the corpus delicti more probable than it would be without the evidence. Thus, we find sufficient circumstantial evidence to establish the corpus delicti.

 Hough also contends that the court erred in admitting his statement in evidence because it was involuntary.

Hough testified that he completed only the ninth grade and had difficulty reading and writing. He said he gave his written statement to sheriff's deputies because his wife told him that if he confessed to setting the fire she would get back together with him and would allow him to see his child.

Chief deputy John DePresca and deputy J.B. Jones testified that Hough was read his *Miranda*[3] rights before talking to deputies and that they made no promises in exchange for his statement.

The State may use in evidence a statement by the accused if he gave the statement freely and voluntarily without compulsion or persuasion. TEX.CODE CRIM. PROC. ANN. art. 38.21 (Vernon 1979). When the accused raises the issue of the statement's voluntariness, the court must hold a hearing to determine whether the statement was voluntarily given. TEX.CODE CRIM. PROC. ANN. art. 38.22, § 6 (Vernon 1979); *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). The court did so in this case.

 The determination of whether a statement is voluntary must be based on an examination of the totality of the circumstances surrounding its acquisition. *Armstrong v. State,* 718 S.W.2d 686, 693 (Tex. Crim.App.1985). The ultimate question is whether the State has overborne the defendant's will. *Id.* The United States Supreme Court has held that a promise is a factor to take into account in applying the general due process "totality of the circumstances" analysis, *Arizona v. Fulminante,* 499 U.S. 279, 285–88, 111 S.Ct. 1246, 1251–53, 113 L.Ed.2d 302, 315–17 (1991), and Texas law has long barred the use of a statement induced by a promise of someone in authority. *Warren v. State,* 29 Tex. 369, 372 (1867). A statement is involuntary and thus inadmissible if it is induced by a promise that is (1) of some benefit to the defendant, (2) positive, (3) made or sanctioned by someone in authority, and (4) of such character as would likely influence the defendant to speak untruthfully. *Sossamon v. State,* 816 S.W.2d 340, 345 (Tex.Crim.App.1991).

Hough testified that he confessed to sheriff's deputies because Stevens told him that if he did she would reconcile with him and would give him access to their son. Stevens and her mother, who listened in on the phone conversation, agree that Stevens promised to reconcile with Hough if he confessed. Stevens testified, however, that Hough told her he set the fire before she said anything about a reconciliation.

The State argues that even if Stevens promised to reconcile, the promise did not meet the fourth prong of the test because Hough confessed before Stevens promised the reconciliation. The State also argues that, in any event, the promise did not invalidate the confession because it was not made or sanctioned by anyone in authority and thus fails to meet the third prong of the test. DePresca, Jones, and Stevens all testified that the deputies did not tell Stevens to make the promise, although DePresca testified that he may have told her that an arson conviction is difficult to get unless someone confesses.

3. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Although Hough included in his written statement, "My wife told me she would drop the charges," DePresca testified that he did not recall discussing this line with Hough and did not recall telling Hough that Stevens had no authority to drop the charges.

Stevens was not a person in authority, and there is sufficient evidence to support a conclusion that no one else in authority sanctioned any promise by Stevens to Hough. Thus, the statement was not rendered involuntary by any such promise.

Hough also contends that the court erred in admitting into evidence a photograph obtained as a result of the confession. We have found that the confession was not involuntary and thus not improper. It follows that the photograph was not improperly admitted.

■ Hough also contends that the trial court should have granted him a new trial because the allegations contained in the indictment materially and fatally varied from the proof the State offered.

A person commits an offense if he starts a fire or causes an explosion with intent to destroy or damage a habitation knowing that it is on property belonging to another. TEX. PENAL CODE ANN. § 28.02 (Vernon 1994).

The indictment charged that Hough "did then and there intentionally start a fire *and* cause an explosion by setting a fire inside a building by placing a flame to combustible material in one of the rooms of said building" (emphasis added).

■ When an offense may be committed in more than one way, the indictment may allege alternative methods of committing an offense. *Nickerson v. State*, 782 S.W.2d 887, 891 (Tex.Crim.App.1990). When the methods are alleged conjunctively, proof of any of those alleged in the indictment will support a conviction. *Rogers v. State*, 774 S.W.2d 247, 251 (Tex.Crim.App.), *cert. denied*, 493 U.S. 984, 110 S.Ct. 519, 107 L.Ed.2d 520 (1989); *see also* Marvin Collins & Candyce Howell, *State Law of Indictments*, TEXAS CRIMINAL PROCEDURE—CODE AND RULES at [29] (West 1995).

Deputy DePresca testified that Hough lit the fire with a Bic-style lighter and that "flicking a Bic" was an explosion. DePresca also testified that apart from "flicking a Bic" there was no evidence of an explosion. But even if the lighter's ignition did not constitute an explosion, the State was not required to prove that Hough caused an explosion, because proof that he started the fire is sufficient to support the conviction. The State was permitted to allege in the indictment alternative methods of committing arson. Proof that Hough committed arson using one of the alternative methods, starting a fire, is sufficient to support the conviction.

For the reasons stated, the judgment is affirmed.

GRANT, Justice, dissenting.

I respectfully dissent. The fact that a building is destroyed by fire does not show that the crime of arson was committed by anyone, in that there must be evidence that the fire was incendiary in origin. *Faulk v. State*, 608 S.W.2d 625 (Tex.Crim.App.1980). As stated in *Adrian v. State*, evidence that a crime has been committed must corroborate the confession. 587 S.W.2d 733, 734 (Tex. Crim.App. [Panel Op.] 1979).

I would like to reexamine the evidence cited by the majority as corroborating the defendant's statement to show that a crime had been committed, more specifically that someone designedly set the fire.

The majority opinion apparently relies upon the fact that gas had not been connected to the trailer to show that an accidental gas fire was not likely, but there was no suggestion in this case that the fire was gas-related. This evidence by no means eliminates other possible causes, such as defective electrical wiring, spontaneous combustion, or any other causes not incendiary in origin. *See Adrian*, 587 S.W.2d at 733; *Burrow v. State*, 481 S.W.2d 895 (Tex.Crim.App.1972). The evidence that the gas was not hooked up does not render it more likely that it was an incendiary fire than a fire from another origin.

Next, the majority cites evidence that someone had been in the trailer within a few hours before the fire. It has been held that motive and opportunity alone are not suffi-

cient to establish that an accused set fire to a building, but there must be some testimony showing that the fire was incendiary in origin. *Massey v. State*, 154 Tex.Crim. 263, 226 S.W.2d 856 (1950). The presence of an unauthorized person in the trailer would indicate the crime of breaking and entering, but it does not show that anyone intentionally set fire to the trailer, nor does it render more likely that the fire was caused by a person rather than other causes. A fire could start from defective electrical wiring or other sources whether or not a person was present in the trailer.

The majority points to the fact that there had been an arson investigation. The mere fact that there was an investigation is not a circumstance that shows one way or another the probability of the occurrence of arson, especially since none of the investigators offered any evidence in any form that would suggest that the fire was incendiary.

None of the evidence offered by the State corroborates the corpus delicti. Other parts of the confession are corroborated, but under Texas law, there must be evidence corroborating the corpus delicti. (See majority opinion and the cases cited therein.)

The State argues in this case that if the corpus delicti was not properly corroborated, this court should reexamine the corpus delicti rule. I agree that this rule should be reexamined, but the Court of Criminal Appeals is the appropriate forum for such a change. The federal system no longer follows the rule requiring corroboration of the corpus delicti, but instead requires only substantial independent evidence that establishes the trustworthiness of the defendant's statement. *United States v. Kerley*, 838 F.2d 932, 939–40 (7th Cir.1988) (citing *Opper v. United States*, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954)).

In the present case, the evidence substantially supports the trustworthiness of the statement, but the evidence does not corroborate that this fire was of incendiary origin.

For that reason, I respectfully dissent.