TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00451-CR






Richard Rodriguez, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BEXAR COUNTY, 226TH JUDICIAL DISTRICT


NO. 93CR7812, HONORABLE R. L. ESCHENBURG, JUDGE PRESIDING






 In October 1994, the district court found appellant guilty of arson after accepting
his guilty plea and judicial confession. See Tex. Penal Code Ann. § 28.02 (West 1994 & Supp.
1999). The court assessed punishment at imprisonment for six years and a $1000 fine, but
suspended imposition of sentence and placed appellant on community supervision. After a hearing
in June 1997, the court found that appellant violated the conditions of his supervision by
committing another arson, granted the State's motion to revoke, and imposed sentence.

 Appellant contends the court's decision to revoke his community supervision was
an abuse of discretion because the State failed to prove the alleged violation. The motion to
revoke alleged that appellant violated his supervision by "start[ing] a fire and caus[ing] an
explosion by igniting matches, fabric, an automobile seat, and combustible material with an open
flame, with intent to destroy and damage a vehicle, to wit: an automobile, knowing that the said
vehicle was within an incorporated city, to wit: San Antonio . . . ." Appellant argues the State
failed to prove that the fire was started in the manner alleged and that he knew the vehicle burned
was located within an incorporated city.

 Frank Rodriguez, an arson investigator for the city of San Antonio, investigated an
automobile fire at a car wash in the 1700 block of Castroville Road in that city. The car wash was
managed by appellant's father, and appellant lived in a storage room or shed on the premises. 
Rodriguez testified that he found two points of origin for the fire. The first was a bucket
containing rags and other debris that had been ignited "next to the passenger side of the vehicle." 
The second point of origin was the front seat of the automobile. The officer said the upholstery
had been ignited "with some type of open flame," most likely "either a match or a lighter." 
Appellant told Rodriguez and others at the scene that he started the fire. Rodriguez found matches
and a lighter in appellant's pocket.

 Appellant first contends the State did not prove that he started the fire "by igniting
matches, fabric, an automobile seat, and combustible material with an open flame," because it did
not prove he started the fire with matches. Appellant relies on opinions holding that when an
indictment contains allegations descriptive of the essential elements of the crime (in this instance,
starting a fire), the descriptive allegations must be proved even if they are not legally essential to
the indictment. See Wray v. State, 711 S.W.2d 631, 633 (Tex. Crim. App. 1986); Windham v.
State, 638 S.W.2d 486, 487 (Tex. Crim. App. 1986). Appellant cites no opinions applying this
rule to the allegations contained in a motion to revoke community supervision.

 The State responds by citing opinions holding that when an indictment conjunctively
alleges alternate theories of committing an offense, the theories may be submitted to the jury
disjunctively and a conviction will be sustained if the evidence supports a finding of guilt under
any one of the theories submitted. See Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim. App.
1991); Hough v. State, 929 S.W.2d 484, 489 (Tex. App.--Texarkana 1996, pet. ref'd). Under
the State's reading of the motion to revoke, it had only to prove that appellant started the fire by
igniting matches, fabric, an automobile seat, or combustible material with an open flame.

 Motions to revoke probation or community supervision have never been held to the
same strict pleading requirements applied to indictments. See Labelle v. State, 692 S.W.2d 102,
105 (Tex. Crim. App. 1985); Crawford v. State, 624 S.W.2d 906, 908 (Tex. Crim. App. 1981). 
A motion to revoke must simply give fair notice of the alleged violation in order to comport with
minimum due process. See Labelle, 692 S.W.2d at 105 n.2 (citing numerous cases). Probation
may be revoked even for a violation not alleged in the motion to revoke, provided the violation
was necessarily included in the alleged violations. See Cleland v. State, 572 S.W.2d 673, 675-76
(Tex. Crim. App. 1978); Chacon v. State, 558 S.W.2d 874, 876 (Tex. Crim. App. 1977).

 In this cause, the motion to revoke informed appellant that he was accused of
violating the conditions of his community supervision by committing the offense of arson of a
vehicle. Appellant does not argue that the motion failed to give him constitutionally adequate
notice of the alleged violation. Appellant admitted to the arson investigator that he started the fire,
and the investigator testified that the points of ignition were combustible materials in a bucket and
the automobile's front seat, both of which were ignited by an open flame from either a match or
a lighter. The preponderance of the evidence thus supports a finding that appellant started the fire
in a manner alleged or necessarily included within the motion to revoke. See Shaw v. State, 622
S.W.2d 862, 863 (Tex. Crim. App. 1981) (burden of proof).

 Appellant also contends the State failed to prove that he knew the burned vehicle
was located inside the incorporated city limits of San Antonio. Knowledge, like intent, must often
be proved circumstantially. See Mouton v. State, 627 S.W.2d 765, 768 (Tex. App.--Houston
1981, no pet.). Appellant's brief notes that he is blind, apparently to suggest that he is not able
to see city limit signs. Appellant's blindness notwithstanding, the evidence shows that the car
wash where the fire took place was located in San Antonio, that appellant's father was the manager
of the car wash, and that appellant lived at the car wash. The district court could reasonably infer
that appellant knew the place where his father worked and he lived was within the city limits of
San Antonio. Id.

 For the reasons stated, we find that the preponderance of the evidence supports the
district court's finding that appellant violated the conditions of his community supervision. The
point of error is overruled and the order revoking community supervision is affirmed.



 

 J. Woodfin Jones, Justice

Before Chief Justice Aboussie, Justices Jones and Yeakel

Affirmed

Filed: December 29, 1998

Do Not Publish




e second point of origin was the front seat of the automobile. The officer said the upholstery
had been ignited "with some type of open flame," most likely "either a match or a lighter." 
Appellant told Rodriguez and others at the scene that he started the fire. Rodriguez found matches
and a lighter in appellant's pocket.

 Appellant first contends the State did not prove that he started the fire "by igniting
matches, fabric, an automobile seat, and combustible material with an open flame," because it did
not prove he started the fire with matches. Appellant relies on opinions holding that when an
indictment contains allegations descriptive of the essential elements of the crime (in this instance,
starting a fire), the descriptive allegations must be proved even if they are not legally essential to
the indictment. See Wray v. State, 711 S.W.2d 631, 633 (Tex. Crim. App. 1986); Windham v.
State, 638 S.W.2d 486, 487 (Tex. Crim. App. 1986). Appellant cites no opinions applying this
rule to the allegations contained in a motion to revoke community supervision.

 The State responds by citing opinions holding that when an indictment conjunctively
alleges alternate theories of committing an offense, the theories may be submitted to the jury
disjunctively and a conviction will be sustained if the evidence supports a finding of guilt under
any one of the theories submitted. See Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim. App.
1991); Hough v. State, 929 S.W.2d 484, 489 (Tex. App.--Texarkana 1996, pet. ref'd). Under
the State's reading of the motion to revoke, it had only to prove that appellant started the fire by
igniting matches, fabric, an automobile seat, or combustible material with an open flame.

 Motions to revoke probation or community supervision have never been held to the