IN
THE

TENTH
COURT OF APPEALS

_______________

                       

No. 10-02-00230-CR

 

        BRUCE
DAVIS,

 

                                                                             Appellant

        v.

 

        THE STATE
OF TEXAS, 

 

                                                                             Appellee

 

_____________________

                           

From the 87th District Court

Freestone County, Texas

Trial Court No. 01-174-CR

 



O p i n i o n



 

            A jury convicted Bruce Davis of arson for
setting a fire in his brothers’ house which destroyed it.  The court sentenced him to eleven years’
imprisonment.  Davis contends that the evidence is legally
insufficient to support the conviction because the arson investigator used
improper techniques to determine the point of origin for the fire.  He asks this Court to take judicial notice of
a document regarding arson investigations which allegedly demonstrates that the
investigator’s techniques were improper. 
Davis also contends that the evidence is factually
insufficient for this same reason, because his brother told the police that
another person committed the offense, and because he presented alibi
testimony.  Because Davis relies on a document not introduced at trial to
challenge the investigator’s conclusions and because the evidence is legally
and factually sufficient to support the conviction, we will affirm.

THE EVIDENCE
IS LEGALLY SUFFICIENT

          Davis contends in his first issue that the evidence is
legally insufficient to support his conviction because the investigator’s
techniques did not comport with those recommended by the National Fire
Protection Association in its NFPA 921:
Guide for Fire and Explosion Investigations.  Davis asks this Court to take judicial notice of the NFPA 921 in considering his first issue.

In reviewing a claim of legal
insufficiency, we view all of the evidence in a light most favorable to the verdict
and determine whether any rational trier of fact could have found the essential
element beyond a reasonable doubt.  Jackson
v. Va.,
443 U.S.
307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed.
2d 560 (1979); Sells v. State, 121 S.W.3d 748, 753-54 (Tex.
Crim. App. 2003).  We resolve any
inconsistencies in the evidence in favor of the verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex.
Crim. App. 2000).

The Court of Criminal Appeals has
held that an appellate court “may take judicial notice of scientific literature
not presented by either party at trial or on appeal.”  Mata v.
State, 46 S.W.3d 902, 910 (Tex.
Crim. App. 2001) (citing Emerson v. State,
880 S.W.2d 759, 764-65 & 765 n.1 (Tex. Crim. App. 1994)).  More recently however, the Court has declined
to consider articles and learned treatises presented by the State Prosecuting
Attorney for the first time on appeal.  Hernandez v. State, 116 S.W.3d 26, 30 (Tex.
Crim. App. 2003) (per curiam).  The Court
held in Hernandez that the State
“cannot now rely on the appellate courts to become independent scientific
sleuths to ferret out the appropriate scientific materials which could support
the trial court’s decision . . . .”  Id. at
31.

Except where otherwise limited, the
rules of evidence apply equally to the State and the defense.  Davis
asks this Court to take judicial notice of the NFPA 921, a document not presented to the trial court.  Our research has disclosed no Texas
cases recognizing the methodology prescribed in the NFPA 921 for arson
investigations as a reliable methodology. 
For these reasons, we decline to take judicial notice of the NFPA 921.  See
Hernandez, 116 S.W.3d at 29-32.

Davis also
cites the arson investigator’s failure to discover evidence that any
accelerants were used, the investigator’s failure to discovery any “suspicious
paraphernalia” at the scene, and the lack of any witnesses to the setting of
the fire as indicators that the evidence is legally insufficient to support the
conviction.

Deputy Fire
Marshall Julie Morrison testified that in her opinion the fire in question was
intentionally set (i.e., of
incendiary origin) based on her investigation of the scene.  She reached this conclusion after examining
the charring patterns to determine the point of origin for the fire and after
eliminating other potential sources of ignition.  She concluded that the fire originated in a
bathroom of the house.  Davis’s brother Alvis Parks gave a written statement to the
police and testified that Davis came to the
house and told him to leave because he was going to burn it down.  Parks also stated and testified that Davis told him that he started the fire in the bathroom.

Viewing all
the evidence in a light most favorable to the verdict, we conclude that the
evidence is legally sufficient.  See Hough v. State, 929 S.W.2d 484,
486-88 (Tex. App.—Texarkana 1996, pet. ref’d). 
Accordingly, we overrule Davis’s first issue.

THE EVIDENCE IS FACTUALLY SUFFICIENT

Davis contends in
his second issue that the evidence is factually insufficient to support his
conviction because the investigator’s techniques did not comport with those
recommended in the NFPA 921, because
the brother to whom he allegedly confessed told the police that another brother
committed the crime, and because he presented alibi testimony.

In conducting a factual
sufficiency review, we “consider[ ] all of the evidence in a neutral light” and
determine whether the factfinder was “rationally justified in finding guilt
beyond a reasonable doubt.”  Zuniga v. State, No. 539-02, 2004 Tex. Crim. App. LEXIS
668, at *20 (Tex. Crim. App. Apr. 21, 2004).

[T]here
are two ways in which the evidence may be [factually] insufficient. First, when
considered by itself, evidence supporting the verdict may be too weak to
support the finding of guilt beyond a reasonable doubt. Second, there may be
both evidence supporting the verdict and evidence contrary to the verdict.
Weighing all the evidence under this balancing scale, the contrary evidence may
be strong enough that the beyond-a-reasonable-doubt standard could not have been
met.

 

Id.

          Davis contends that the evidence is factually insufficient
to prove intent because the arson investigator employed an unreliable
methodology to reach her conclusions regarding the incendiary origin of the
fire.  However, we have already rejected
his challenge to the methodology employed by the investigator.  Based on her testimony, the jury was “rationally
justified in finding . . . beyond a reasonable doubt” that the fire was intentionally set.  See
Wheeler v. State, 35 S.W.3d 126, 135-36 (Tex. App.—Texarkana 2000, pet.
ref’d).

          Davis also contends that the evidence is factually
insufficient to prove identity because his brother Alvis Parks initially told
the police that another brother committed the offense.  However, under questioning from the
prosecutor and later the defense attorney, Parks steadfastly denied that he
told the police that anyone else had committed the offense.  No police officer testified that Parks
identified someone else as the guilty party. 
Parks’s written statement to the police is consistent with his
testimony.  Accordingly, the record does
not support Davis’s contention.

          Davis also contends that the evidence is factually
insufficient to prove identity because his wife testified that he was at home
with her at the time of the fire. 
However, Parks testified that Davis was at the house he burned down during the pertinent
time period.  Two neighbors testified
that Davis came to their homes early that morning.

          Three
witnesses contradicted the alibi testimony provided by Davis’s wife.  The
jury was free to accept their testimony over hers.  See
Vasquez v. State, 67 S.W.3d 229, 237-239 (Tex. Crim. App. 2002); Cate
v. State, 124 S.W.3d 922, 929 (Tex. App.—Amarillo 2004, pet. ref’d).  Thus, the jury was “rationally
justified in finding . . . beyond a reasonable doubt” that Davis is the person who started the fire.  See
Zuniga, 2004 Tex. Crim. App. LEXIS
668, at *20.  Accordingly, we overrule Davis’s second issue.




          We
affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed August
 25, 2004

Publish 

[CR25]