**Rickey Donnell HARPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14-84-591-CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 22, 1985.

---

Kathryn B. Robinson, Houston, for appellant.

John B. Holmes, Dist. Atty., William Delmore, III, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

Rickey Donnell Harper appeals from the punishment stage of his trial only. He was charged with the use of unauthorized use of a motor vehicle and was found guilty by a jury. The court assessed punishment at twenty-five years based on allegations of two prior felony convictions, both of which the court found to be true. In his first ground of error appellant contends that the evidence at the punishment stage was insufficient to prove that appellant was the same person as named in Enhancement Paragraph One under Cause No. 284,432. In his second ground of error he contends that the evidence was insufficient to show that the "second" prior felony (Cause No. 272,642) used for enhancement was committed after the judgment in the first conviction (284,432) became final. We agree with the latter contention and reverse the judgment for a re-hearing on punishment.

In *Gollin v. State*, 554 S.W.2d 683 (Tex. Crim.App.1977), the Court set forth three approved means of proving the accused was the same person previously convicted. The Court stated, however, that the three methods were not intended to be exclusive. Moreover, the Court in *Gollin* held that a record of prior convictions is sufficient to prove the accused is the same person named in the record where the record contains photographs and a detailed physical description of a named person, and where the accused is present in court for the fact finder to compare his appearance with the description and photograph(s) in the record.

In the present case the record contains a photograph which the court found was a photograph of appellant. Further, State's Exhibit 3 notes that a prisoner bearing appellant's name was returned to prison for violating the terms of a mandatory prison release from a prior term of imprisonment, during which his identification number was 290946. State's Exhibit 2, which contained the photographs viewed by the court, dates from an earlier period and reflects that a prisoner bearing appellant's name had the Texas Department of Corrections number was 290946. This is as convincing to us as the detailed physical description supplementing the photographs was to the Court in *Gollin*. Appellant's first ground of error is overruled.

As to the second ground of error, the offense alleged in the second paragraph is shown by the record to have been committed on November 9, 1977. The conviction alleged in the first paragraph is only shown to have been committed before April 3, 1979, when his probation was revoked and he was sentenced to prison. Yet the offense alleged in the second paragraph is alleged in the indictment to have occurred after the conviction in the first

paragraph became final. The State has not met its burden under TEX.PENAL CODE ANN. § 12.42(d) (Vernon 1974). *Ex Parte Augusta,* 639 S.W.2d 481, 484 (1982). Appellant's second ground of error is sustained.

As indicated in *Ex Parte Stuart,* 653 S.W.2d 13, 15 (Tex.Crim.App.1983), the correct disposition of this appeal is to remand the case to the trial court for a new punishment hearing in which the appellant could at most be assessed punishment within the range provided for a second offender. We so order.