**Leonard AVERY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–95–282–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 21, 1996.

L.Ed.2d 488 (1993) (case dealt with civil forfeitures under the Excessive Fines Clause).

Randy Mack, Corpus Christi, for appellant.

Wiley L. Cheatham, District Attorney, Robert C. Lassmann, Asst. District Attorney, Cuero, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and YAÑEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

A jury found appellant guilty of delivery of cocaine of less than twenty-eight grams and sentenced him to sixty years in the Texas Department of Criminal Justice, Institutional Division, plus a $5,000 fine. We reverse and remand for a new punishment hearing. TEX. CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon Supp.1996).

By seven points of error, appellant challenges the admissibility of evidence under TEX.CODE CRIM.PROC.ANN. art. 37.07 with relation to extraneous crimes or bad acts he committed, the failure to charge the jury with relation to burden of proof in considering such acts, and the constitutionality of Article 37.07. Because our ruling on point of error two is dispositive of this appeal, we need not consider the other points of error.

Article 37.07, among other types of evidence, allows the admission at the punishment phase of trial of "any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has been previously charged with or finally convicted of the crime or act." TEX.CODE CRIM.PROC.ANN. art. 37.07 § 3(a) (Vernon Supp.1996).

During the punishment phase of this case, the State, over the objection of appellant, introduced evidence of a number of other occasions on which appellant had delivered cocaine to the State's primary witness, an undercover agent for the State. In addition, evidence was also introduced, again over appellant's objection, that appellant participated in a burglary or theft in Refugio County. Though all of this evidence was presented before the jury, the judge made a separate finding that this evidence proved beyond a reasonable doubt that appellant engaged in each of these extraneous crimes or acts. Appellant objected to these matters being submitted before the jury prior to the judge's ruling on their admissibility and, as reflected by his second point of error, objected to the

failure of the trial court to instruct the jury that before it could consider any of these extraneous acts it must believe beyond a reasonable doubt by the evidence that the acts were committed by the defendant or that he could be held criminally responsible for them. The trial court, apparently relying on the reasoning in *Mitchell v. State*, 892 S.W.2d 213 (Tex.App.—Texarkana 1995), *rev'd*, 931 S.W.2d 950 (Tex.Crim.App.1996), refused to instruct and charge the jury as requested.

■ Recently, the Court of Criminal Appeals reversed the *Mitchell* case, *see Mitchell v. State*, 931 S.W.2d 950 (Tex.Crim.App. 1996), and held that while the trial judge has the responsibility of determining the threshold admissibility of extraneous offenses in the punishment phase, the jury is the exclusive judge of the facts and ultimately must determine whether the State has proved the extraneous acts beyond a reasonable doubt and should be so instructed when requested. Accordingly, it was error for the trial court to fail to include an instruction on the jury's burden of proof as to the consideration of extraneous acts in this case.

■ Mere error, however, is not a sufficient basis for reversal of the trial court's judgment. TEX.CODE CRIM.PROC.ANN. art. 36.19 stipulates that when there is error in the charge, the judgment of the trial court shall not be reversed unless the error was calculated to injure the rights of the defendant, or unless it appears he has not had a fair and impartial trial. TEX.CODE CRIM. PROC.ANN. art. 36.19 (Vernon 1981); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim. App.1984). The appellant preserved error by objecting to the charge at trial. Therefore, we must determine whether the error was calculated to injure the appellant's rights, which means that he must have suffered some harm from the error. *Almanza*, 686 S.W.2d at 171. The degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Id.*

■ During jury argument, the prosecutor requested that the appellant be punished more severely because of these extraneous acts. The jury charge was silent on the burden of proof of these extraneous acts. Hence, the extraneous acts were used to impose a more severe punishment upon the appellant, and the lack of a jury instruction on these offenses obfuscated the State's burden of proof regarding them. The punishment assessed to defendant was toward the upper side of the range authorized. We hold that, in this case, the trial court committed reversible error in failing to instruct the jury not to consider extraneous offenses or acts at punishment unless it believed the offenses were proved beyond a reasonable doubt to have been committed by the defendant.

Accordingly, we reverse the judgment of the trial court and remand for a new punishment hearing.